[Alabama Fuel & Iron Co., et al. v. Rice.]

# Alabama Fuel & Iron Co., *et al. v.* Rice.

*Assault and Battery and False Imprisonment.*

(Decided January 22, 1914.    Rehearing denied June 4, 1914.
65 South. 402.)

1. *False Imprisonment; Jury Question.*—Although the confinement was shown to be on a proper warrant, defendant was not entitled to a directed verdict on a count claiming damages specially for plaintiff's confinement in the public jail, since under the general averments of the count plaintiff might recover for wrongful detention previous to his confinement.

2. *Same; Liability.*—In order to recover against a corporation for false imprisonment, the party imprisoned must show that those who actually detained him were acting as the agent of the corporation or that their acts were ratified by the corporation.

3. *Same; Evidence.*—In an action against a corporation for false imprisonment, it was not competent to show that the agent who was alleged to have detained plaintiff and who was shown to have previously warned a negro off the corporate premises, beat the negro with a strip of lumber.

4. *Corporations; Agents; Evidence.*—Evidence that certain persons had previously acted in the same capacity on the premises of the corporation is admissible as tending to show their agency, or that the corporation ratified their acts, if the acts were of such frequency and notoriety as to justify the inference that they were known to or acquiesced in by the corporation.

5. *Same; Officers; Authority.*—It may be inferred from the fact that the local manager was in exclusive control of its local business that he had authority to ratify the acts of inferior agents in detaining plaintiff, the action being for false imprisonment.

6. *Same; Torts; Acts of Agents.*—A corporation is liable for the acts of its agent in assaulting and beating plaintiff, if done in the course of the employment, although done unnecessarily and without malice.

7. *Principal and Agent; Fact of Agency; Evidence.*—The relation of agency cannot be established by statements made to the alleged agents by persons having transactions with them.

8. *Same.*—Unless made in the presence of a principal and without denial by him, agency cannot be proved by the declarations of the alleged agent.

9. *Trial; Custody of Jury; Coercion.*—Where the bailiff in charge of the jury informed them that the judge was going away and that he would have to keep them together until the judge's return, which was several days off, unless they reached a verdict before that time, a verdict which quickly followed such an announcement, must be presumed to be the result of coercion.

[Alabama Fuel & Iron Co., et al. v. Rice.]

10. *Jury; Deliberation; Matters Occurring in Room.*—While jurors cannot testify as to occurrences in the jury room during their deliberation which influenced the verdict returned, yet they are competent witnesses for the proof of extraneous facts which may have influenced the verdict, and affidavits of such jurors were properly received.

APPEAL from Shelby Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Action by I. A. Rice against the Alabama Fuel & Iron Company, and others, for damages because of an assault and battery, and false imprisonment. Judgment for plaintiff and defendant appeals. Reversed and remanded.

PERCY, BENNERS & BURR, for appellant. There was misconduct on the part of the officers of the court, and of the jury, sufficient to vitiate the verdict.—*Martin v. State,* 73 S. E. 686; *Ellerbe v. State,* 41 L. R. A. 561. The affidavits were admissible in evidence.—25 Barb. 98; *K. C. M. & B. v. Phillips,* 98 Ala. 170; 53 Am. Dec. 94; 43 Pac. 124; *Perkins v. State,* 50 Ala. 150; *Phenix I. Co. v. Moog,* 81 Ala. 343; *DeJarnett v. Cox,* 128 Ala. 523. Conversations between plaintiff and Taylor were incompetent to show agency and Taylor being dead, were incompetent for any purpose.—§ 4007, Code 1907; *Burgess v. Mortgage Co.,* 115 Ala. 468; 38 Cyc. 1441; 156 U. S. 361. The court did not cure the error by its statement to the jury.—*Carlisle v. Hundley,* 15 Ala. 623; *Jordan v. State,* 79 Ala. 9; *Ala. C. C. & I. v. Heald,* 154 Ala. 580. Matters transpiring after the transaction complained of, and statements made by agents after the happening of an event, are not admissible.—*Dana Co. v. Stonewall Co.,* 77 Ala. 184; *Stanton v. Baird L. Co.,* 132 Ala. 635; *Union N. S. Co. v. Pugh,* 156 Ala. 374; *Bessemer Co. v. Doak,* 152 Ala. 174. No responsibility rested upon the employer under the evidence in this case.—*Johnson v. Ala. F. & I. Co.,* 52 South. 31; *Palos*

*Co. v. Denson,* 39 South. 727. Defendant was entitled to the affirmative charge under count A.—*B. R. L. & P. v. Randle,* 149 Ala. 539; *C. of Ga. v. Freeman,* 140 Ala. 581.

FRANK S. WHITE & SONS, HAYNES & WALLACE, and SAMUEL HENDERSON, for appellee. Affidavits of jurors cannot be received in evidence to impeach their verdict. —*Clay v. City Council of Montgomery,* 102 Ala. 297; *City of Eufaula v. Speight,* 121 Ala. 613; *Montgomery St. Ry. v. Mason,* 133 Ala. 508; *Hall's Case,* 134 Ala. 90; *B. R. L. & P. v. Clemmons,* 142 Ala. 160; *Same v. Moore,* 148 Ala. 116; *W. U. T. Co. v. Hill,* 163 Ala. 37. There was no error in overruling motion for new trial as the same was not continued under the general orders of the court, and was therefore, dead.—*Agee v. Clark,* 60 South. 460; *So. Ry. v. Jones,* 143 Ala. 328. The court properly admitted the conversation and other matters objected to for the purpose of establishing agency.—*Ala. C. C. & I. Co. v. Heald,* 154 Ala. 580; *So. Bell v. Francis,* 109 Ala. 231; *Home I. Co. v. Howell,* 48 South. 117. DeBardelaben was the vice principal and his acts and doings were admissible, as were the other questions on the question of agency.—*Scipio v. Pioneer M. & M. Co.,* 166 Ala. 666; *Sloss-S. Co. v. Dickerson,* 167 Ala. 214; *Robinson v. Green,* 148 Ala. 434; *Motes v. Bates,* 74 Ala. 374; 26 Cyc. 93.

SOMERVILLE, J.—The communication made by the bailiff to the jury that the trial judge had gone away, and that he would keep the jury together until the return of the judge several days later, unless they reached a verdict before that time, was, under the circumstances shown by the record, a presumptive coercion of the verdict which quickly followed the bailiff's announcement.

This case cannot be materially distinguished from that of *K. C., M. & B. R. Co. v. Phillips*, 98 Ala. 170, 13 South. 65, where the reasons for the conclusion are fully stated; and on the authority of that case defend-ant's motion to set aside the verdict should have prevail-ed, and its denial must result in a reversal of the judg-ment.

Although count 3 of the complaint claimed damages specially for his confinement for six days in the jail at Calera, and it appeared, without dispute, that that con-finement was under a legal warrant, nevertheless plain-tiff might, under his general averment, have recovered for his unlawful detention previous to his jail confine-ment; and the general charge was properly refused to defendant on this count.

It was necessary for plaintiff to show that Hinsley and Taylor were acting as agents or servants for de-fendant corporation at the time of and with respect to plaintiff's unlawful arrest by them, or that their acts in that behalf were subsequently ratified by defendant. On these issues it was competent for plaintiff to show that these parties had previously acted in the same ca-pacity on defendant's premises, if their acts were of such frequency and notoriety as to justify the inference that they were known to and acquiesced in by their alleged employer, or its alter ego.—*Talladega Ins. Co. v. Pea-cock*, 67 Ala. 253, 262.

The evidence on this subject was undoubtedly suffi-cient to justify the inference of their agency, and there was evidence of the approval and ratification of their acts by DeBardelaben, defendant corporation's local manager; and the general charge was properly refused to defendant on the other counts of the complaint.

This result depended, of course, upon proof that De-Bardelaben was clothed with authority with respect

to the matters in question.  We think, however, that his authority may well be inferred from the undisputed fact that he was assistant general manager of the company, and exclusively in charge of its local business and property, in connection with his acts of authority.

While other notorious acts of authority on the part of Hinesly, Taylor, and DeBardelaben on defendant's premises, accompanied by their declarations showing their representative capacity, may be admissible to show their general employment and authority, under the conditions stated it was clearly improper for plaintiff or his witnesses to testify to their own statements made to those persons on those occasions.  And it was improper, also, for defendant's witnesses, after stating that on a former occasion Taylor had warned a negro off the premises, to state, also, that Taylor had then beaten him with a strip of lumber.

It is, of course, well settled that the mere declarations of an alleged agent with respect to his agency are not admissible to prove the fact of agency, unless made in the presence of the principal and without denial by him.  Under this rule some of the conversations imputed to Hinesly and Taylor were, at least in part, inadmissible.

If Taylor unlawfully beat plaintiff in the course of his employment, and while engaged in the furtherance of defendant's business and purposes, though unnecessarily and with personal malice, defendant was liable to plaintiff for the battery.  Charges 31, 34, and 35, refused to defendant, were at least misleading in failing to predicate that the beating of plaintiff by Taylor was entirely dissociated from the accomplishment of Taylor's purpose to arrest, or imprison, or eject plaintiff from its premises.  See *Palos v. Benson,* 145 Ala. 664, 39 South. 727; *Johnson v. Ala., etc., Co.,* 166 Ala. 534, 52

[Alabama Fuel & Iron Co., et al. v. Rice.]

South. 312. Such dissociation cannot be affirmed as a matter of law from the evidence.

For the errors pointed out, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and DE GRAFFENRIED, JJ., concur.

## ON REHEARING.

While jurors are not allowed to testify as to occurrences in the jury room during their deliberations, nor as to the influence of internal or external events upon the verdict returned by them, they are competent witnesses for the proof of *extraneous facts* which may have influenced their verdict.

An examination of the cases should convince counsel that we have not disregarded any of our decisions on this subject. Such a use of jurors' affidavits is sanctioned by universal practice, and in the present case they have been received and considered only for the purpose of showing extraneous facts.

The distinction is pointedly stated in *Clay v. City Council*, 102 Ala. 297, 302, 14 South. 646.