(78 South. 412)

DRIVER v. PATE.    (5 Div. 279.)

(Court of Appeals of Alabama.    April 2, 1918.)

NEW TRIAL ☞47 — ACTS OF SHERIFF IN CHARGE OF JURY.

New trial should be granted because of the sheriff telling the jury, when hopelessly divided, late at night, after six hours' deliberation, that the court would keep them together till a verdict was reached; it being apparent that the verdict, agreed on shortly thereafter, might have been affected thereby.

Appeal from Circuit Court, Chambers County; S. L. Brewer, Judge.

Action by J. H. Pate against A. J. Driver, Jr. Judgment for plaintiff, and defendant appeals. Reversed and remanded for new trial.

Strother & Hines, of La Fayette, and N. D. Denson & Son, of Opelika, for appellant. C. S. Moon, of La Fayette, for appellee.

BRICKEN, J. This is an action for work and labor, the complaint containing but one count. Judgment for plaintiff, and defendant appeals.

The assignments of error relate only to the refusal of the court to grant a new trial.

The principal point made in the motion for the setting aside of the verdict and the granting of a new trial rests upon the alleged misconduct of the sheriff of the county while the jury was deliberating in respect of their verdict; the contention being that the sheriff, after the jury had been deliberating on the case for several hours, and after the court had adjourned for the day went into the room where the jurors were, and among other things stated to the jury in substance that the jury would have to arrive at a verdict in the case, that the court would not accept or consent to a mistrial, but would keep them together until they made a verdict, and that this occurred about 9 or 10 o'clock at night. On the hearing of the motion it was shown by the affidavits of the foreman of the jury and other members thereof that the sheriff did come into their presence while they were deliberating on the case and make the statement as alleged in the third and fourth grounds of the motion, and in addition to the statement contained therein made the remark to the jury as he was leaving, "Fellows, I am going home and go to bed; it is up to you all; it is either make a verdict or stay here all night." It was also shown that before the sheriff arrived the jury appeared to be hopelessly divided, and it seemed impossible for them to agree upon a verdict. Some of them requested the sheriff to send for the presiding judge, stating that they wanted to see if there was not some way they could get out and go home, as it appeared impossible for them to agree on a verdict; that later the sheriff came back into the room where the jury were deliberating and said "that the judge said he wouldn't accept a mistrial or anything except a verdict one way or the other; that he was not going to have this case before him any more." There were affidavits offered by the plaintiff of three of the jurors, and the sheriff was introduced as a witness on the motion by the plaintiff. The affidavits of the jurors offered by the plaintiff do not deny that the statements made by the sheriff as testified to by the other jurors were made; they claim not to have heard them. However, the testimony of the sheriff showed conclusively that he discussed the case with some of the jurors, and that Juror Higgins "asked him some questions about the case," etc. In comparatively a short time after the sheriff left a verdict was reached by the jury.

Taking the testimony on the motion as a whole, we are convinced that the well-known principle of law that the deliberations of a jury are not to be interfered with whilst they are considering the law and the testi-

mony which must alone control their verdict, and that they are by no means to be influenced by fear of prolonged confinement to alarm them into an agreement, has been violated by the sheriff in this case. The conditions as disclosed by the record show that there had been a former mistrial in the case; that the jury in the instant case were hopelessly divided and unable to reach a verdict after having deliberated from about 4 o'clock in the afternoon until about 10 o'clock at night; that they were restless and wanted to go home; and that only after their conversation with the sheriff relative to the case did they reach a verdict. The conduct of the sheriff complained of may have been innocent and honest and free from any intention of wrongdoing, but in any event it was improper for him or for any one else to hold any conversation with the jury about the case upon which they were deliberating, and the question is not whether this misconduct on his part did affect the verdict, for it has been held many times that it need not be shown, necessarily, that the misconduct relied on as a ground for a new trial actually controlled or determined the verdict, if it is made apparent that the verdict might have been affected by it. Kansas City, Memphis & Birmingham R. R. Co. v. Phillips, 98 Ala. 159, 13 South. 65; Ala. Fuel & Iron Co. et al. v. Rice, 187 Ala. 458, 65 South. 402. A fair construction of the facts as shown by the evidence on the motion, and taking the most charitable view thereof, that nothing improper or wrong was intended by the sheriff in the matters complained of, yet we are convinced that his conduct on this occasion was such as might have affected the verdict of the jury. In fact, it appears evident that the verdict, which prior to his advent in the jury room seemed impossible, was readily agreed upon after the sheriff had discussed the question with the jury and had imparted the implied threats of the court. Upon these facts, we are of the opinion that the court should have granted a new trial, and for the error in refusing it the judgment is reversed, and the cause remanded for a new trial, which is hereby granted.

Reversed and remanded.