(93 South. 78)

### TAYLOR v. STATE. (4 Div. 734.)

(Court of Appeals of Alabama. April 18, 1922.)

**1. Criminal law ⬤⇒957(6)—Jurors competent to testify to conversations with sheriff, while considering case.**

On motion for new trial, the testimony of jurors as to a conversation with the sheriff while they were considering the case, in which he said the judge would not permit a mistrial, and would not be satisfied unless the jury convicted the defendant, was erroneously excluded.

**2. Criminal law ⬤⇒957(1)—Jurors may not testify concerning their deliberations, but may testify to extraneous facts.**

A juror may not testify as to what transpired during the jury's deliberations, but may be allowed to testify to extrinsic facts which may have influenced the verdict.

**3. Criminal law ⬤⇒957(2)—Jurors may not testify to change in vote after conversation with sheriff.**

On motion for new trial, testimony of jurors that they stood 11 to 1 for acquittal, but after a conversation with the sheriff concerning the judge's attitude towards the case the 11 in favor of acquittal voted for a conviction, was properly excluded.

**4. Criminal law ⬤⇒929—Sheriff's statements to jurors as to judge's attitude toward mistrial or failure to convict, held ground for new trial.**

It was ground for a new trial that while the jury was considering defendant's case, the sheriff told some of the jurors that the judge would not permit a mistrial and would not be satisfied unless they convicted defendant, and that there was a large bunch of good citizens waiting around the court house to see whether they would convict defendant or not.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Clarence Taylor was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

Riley & Stokes, of Ozark, for appellant.

The evidence in the case was not sufficient to authorize its submission to the jury. Ante, p. 217, 90 South. 16; 90 South. 42; 89 South. 98; 85 South. 867. The court should have granted a new trial, because of the conduct of the jury. 98 Miss. 584, 54 South. 70; 158 Ala. 458, 48 South. 501; 102 Ala. 297, 14 South. 646.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. The defendant was indicted, tried, convicted, and sentenced for distilling, making, or manufacturing alcoholic, spirituous, malted, or mixed liquors or beverages contrary to law. The affirmative charge was properly refused to the defendant. The evidence was in conflict, and the evidence offered by the state, if believed by the jury, was sufficient to warrant a conviction.

In support of the motion for a new trial, the defendant proved by the sheriff of the county that—

"the jury was out in this case about 24 hours; that on the night they were out on said case, while he and they were in the courthouse, one of the jurors came to him and asked him, if the jury convicted the defendant in the case on trial, whether or not the court would try him on two other charges pending in court against the defendant, one for illicit distilling, and one for violation of the prohibition laws, or whether they would be dismissed or nol. prossed; and that he said to the juror that it was not customary for the court to try the same defendant for two similar offenses, and that the court would probably dismiss or nol. pros. the other two cases against the defendant, if the jury convicted him in the case on trial, and that it was customary to do this when they came so close together."

[1] In further support of the motion, the defendant then offered to prove separately by three members of the jury that the sheriff of the county said to each of them, while the jury was out and considering the case:

That "the judge would not permit the jury to make a mistrial in this case;" "there was a large bunch of good citizens here and around the courthouse, who were waiting to see whether they would convict the defendant or not;" "that the judge of this court would not be satisfied unless the jury convicted the defendant."

[2] The solicitor objected to each of the above questions on the ground that the answer would be in violation of the juror's oath and duty, and would put him in contempt of

court, and on the further ground that the question calls for illegal, incompetent, and irrelevant testimony. In offering the testimony of the witnesses, the defendant stated that their answers would be in the affirmative. The court sustained the objections, and refused to allow such testimony, and in this ruling there was error. It is the settled law in this state that a juror may not testify as to what transpired in the deliberations of the jury. This is forbidden by public policy, which demands that the deliberations of the jury be kept secret. Clay v. City Council of Montgomery, 102 Ala. 297, 14 South. 646; B. R., L. & P. Co. v. Moore, 148 Ala. 115, 42 South. 1024; Continental Casualty Co. v. Ogburn, 186 Ala. 398, 64 South. 619; Ala. F. & I. Co. v. Rice, 187 Ala. 458, 65 South. 402; McCormick v. Badham, 204 Ala. 2, 85 South. 401.

The affidavit of a juror may, however, be allowed to show extraneous facts which may have influenced their verdict. Clay v. City Council of Montgomery, supra; Ala. F. & I. Co. v. Rice, supra; McCormick v. Badham, supra. While jurors are not allowed to testify as to occurrences in the jury room during their deliberations, nor as to the influence of internal or external events upon the verdict returned by them, they are competent witnesses for the proof of extraneous facts which may have influenced their verdict. Ala. F. & I. Co. v. Rice, supra.

[3] There was no error, however, committed in refusing to allow the jurors to testify:

"That from the time the jury retired in this case, until late at night, and until after the sheriff had had the conversation with them (set out above), the jury stood 11 to 1 for acquittal, and that after said conversation, if it was not a fact that they, and each of them, made known said conversation to the other members of the panel, and when they reconvened the next morning, after such information was conveyed to the remaining members of the panel, the 11 jurors who were in favor of acquittal changed over and voted for conviction, and that a verdict of guilty was accordingly reached, after said conversations with the said sheriff."

It was clearly sought by this testimony to go into the deliberations of the jury, and have members of the jury divulge it, which is contrary to the ruling announced above.

[4] With the evidence in which was improperly excluded, and there being nothing in rebuttal thereof, the defendant's motion for a new trial should have been granted. The sheriff is an officer of the court, his word in any county has weight, and when he gives expression to not only his opinion, but the opinion and wish of the judge, it carries with it the weight of authority, and is bound to have influence with the jury; but, whether it appears that it did or not, "the law will not inquire what was the effect of such intermeddling [with the jury], if it was of such a nature as to have any tendency to affect the verdict injuriously to the party against whom it is found." As was said in the case of Driver v. Pate, 16 Ala. App. 418, 78 South. 412:

"The question is not whether this misconduct on his [sheriff's] part did affect the verdict, for it has been held many times that it need not be shown, necessarily, that the misconduct relied on as a ground for a new trial actually controlled or determined the verdict, if it is made apparent that the verdict might have been affected by it." K. C., M. & B. R. R. Co. v. Phillips, 98 Ala. 159, 13 South. 65.

The conduct of the sheriff complained of may have been honest, indeed, no doubt, was absolutely free of any intentional wrongdoing; but can it be said, from the facts in this case, that the verdict might not have been affected by his conduct? Weaver v. State, 17 Ala. App. 506, 86 South. 179.

For the error pointed out, the judgment must be reversed, and the cause remanded.

Reversed and remanded.