(113 So. 602)

**MARTIN v. STATE.  (4 Div. 142.)\***

Court of Appeals of Alabama.   Jan. 19, 1926.

Rehearing Denied June 29, 1926.

Affirmed on Mandate June 30, 1927.

Frank M. de Graffenried, of Seale, for appellant.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

BRICKEN, P. J.   In the case at bar we need not concern ourselves with the rulings made by the court on the main trial of this appellant, as it clearly appears that such trial proceeded throughout without error of a reversible nature.   Moreover, it does not appear that insistence is made by appellant's counsel of reversible error in any of the rulings of the court invoked upon the main trial.

It is strenuously insisted, however, that the court should have granted a new trial

---

\*Motion to file application for rehearing denied 113 So. 452.

to defendant upon the showing made relative to this matter, and that in overruling or denying said motion the court committed grievous and prejudicial error, and that such error must of necessity effect a reversal of the judgment of conviction from which this appeal was taken.

The motion for a new trial was predicated upon three separate grounds: (1) Irregularity in the proceedings of the jury, and this was based upon the alleged statement of A. I. Simpson, a juror, which statement was made before the trial of the case against the defendant, and which statement was in substance as follows:

"That Clifford O. Martin should be punished, and that if he (the said A. I. Simpson) was on the jury before whom said case was tried, he would vote for the conviction of the said Clifford O. Martin."

This ground was based also upon the alleged statement of the juror J. Ed Dudley to the jury, from his own knowledge, and not from any evidence adduced from the trial of said case, and which statement was in substance as follows:

"That Harvey Mathews did not meet the defendant in Columbus, Ga., at Spano's restaurant; that he, the said J. Ed Dudley, saw the defendant in Columbus, Ga., on the day of the homicide; and that the defendant was so drunk as to be unable to take care of himself; that Harvey Mathews came to a residence in Columbus, Ga., and carried Clifford O. Martin away, and that it would have been impossible for them to have reached Seale, Ala., on the afternoon of Sunday, March 29, at the time testified to by the defendant and the said Harvey Mathews."

(2) Misconduct of the jury in not promptly reporting to the court the conduct of the said J. Ed Dudley, juror, in making the statement hereinabove quoted to the jury, so that a mistrial could then have been entered by the court, and the jury discharged. (3) Newly discovered evidence that the defendant did not, and, with reasonable diligence, could not, have discovered and produced at the trial of his case.

We shall pretermit a discussion of the third ground of the motion, above set out. It relates to newly discovered evidence, but we note that the evidence referred to is merely cumulative, and, where this is true, a new trial will not be granted on the ground of newly discovered evidence. Geter v. Central Coal Co., 149 Ala. 578, 43 So. 367.

We have carefully considered the evidence introduced on the motion for new trial as to grounds 1 and 2 of the motion. There was some direct evidence to support ground 1 of the motion, and ground 2 thereof was proven without dispute. We are of the opinion that under either or both of said grounds of the motion the court should have set aside the verdict and granted defendant a new trial, and failing to do so is error, necessitating the reversal of the judgment appealed from.

As to ground 2, the statute (Code 1923, § 5634) expressly provides: If a juror has personal knowledge respecting any fact in controversy, he must declare it in open court during the trial; and if, during the retirement of the jury, a juror declares a fact as of his own knowledge, which could be evidence in the cause, the jury must forthwith return into court, and such juror must in either case be sworn and examined as a witness in the presence of the parties. As stated, the undisputed evidence on the motion for new trial discloses that the statements complained of were made to the jury by Juror Dudley during the deliberation of the jury on this case. The requirements of the statute above referred to were not complied with.

Section 6, art. 1, of the Constitution of Alabama (our Bill of Rights), provides that in all prosecutions by indictment the accused has a right to a speedy, public trial by an impartial jury of the county or district in which the event was committed. And it is further provided by said section that a defendant has the right to be confronted by the witnesses against him. To sanction, to approve, or to countenance the verdict of a jury returned after the statement attributed to the said J. Ed Dudley, juror, made in the absence of the defendant to the jury, is to ignore the constitutional provision which all courts and judges are under the duty to enforce. De Bardeleben v. State, 16 Ala. App. 367, 77 So. 979.

The Legislature of Alabama, through various Code provisions, has endeavored to carry these constitutional provisions into effect. Section 8608 of the Code requires each petit juror to take an oath to render a true verdict according to the evidence. A juror, under the provision of section 8610 of the Code, may be challenged for cause if he has an interest in the conviction or acquittal of the defendant, or if he has a fixed opinion as to the guilt or innocence of the defendant, or if he is a witness for the other party.

These constitutional and statutory provisions would be emasculated and rendered meaningless, if by misrepresentation, false statements, or corruption a juror qualifies himself as competent, and then, after the jury retires, he takes advantage of the security and the protection of the jury room to influence the verdict. To hold that this may be done is an insult to common decency, and is an invitation to the degradation of jury verdicts and to a destruction of public confidence in the justice and impartiality of jury trials.

A jury may legally consider only the evidence as adduced from the witness stand; also the law of the case as charged to them by the court. Everything else is extraneous.

The statement of extraneous facts made by said juror was highly prejudicial to the defendant upon trial, and the proof of this improper conduct was shown by the testimony, and not denied. Following the well-settled rule governing in a question of this kind, we must perforce hold that the court committed reversible error in not granting the motion for a new trial. The rule referred to is stated in Driver v. Pate, 16 Ala. App. 418, 78 So. 412, and cases there cited.

Reversed and remanded.

### On Rehearing.

The indictment against this appellant was presented by a grand jury, convened in special session, of the circuit court of Russell county, and was returned and filed in said court on the 31st day of March, 1925. The defendant was arraigned upon the indictment, and interposed his plea of "not guilty" on April 1, 1925, and the cause was set for trial upon April 3, 1925, upon which day the case was tried and determined, resulting in a verdict by the jury of guilty of manslaughter in the first degree, and the punishment of the defendant was fixed by the jury at ten years' imprisonment in the penitentiary. A full and complete judgment of conviction was pronounced and entered accordingly on that date.

On April 30, 1925, the defendant made and entered a motion for a new trial, which motion was, by the court, continued for hearing to May 18, 1925. It appears from the record before us that said motion was heard and ruled upon by the court on May 18, 1925, and the court thereupon pronounced and caused to be entered the following judgment on the motion:

"In the Circuit Court of Russell County, Ala.

"The State v. Cliff Martin.

"May 18, 1925, now comes Cliff Martin, the defendant, and comes also the state of Alabama by T. M. Patterson, its solicitor, and the motion of the defendant for a new trial filed in this case on the 1st day of May, 1925, is heard and considered by the court. The defendant, Cliff Martin, offers in support of his motion for a new trial, without objections, the affidavits attached to said motion, together with all of the evidence offered upon the trial of said case, and the testimony now taken upon the hearing of said motion ore tenus before the judge of the court upon this hearing.

"And said motion and the evidence offered in support thereof and against the same being now heard and considered by the court, it is ordered and adjudged that said motion be, and the same is, in all things overruled and denied, and to this action of the court the defendant duly and legally excepts.

"Thereupon the said Cliff Martin, being now in open court, and having reserved certain exceptions to the ruling of the court on the law and the evidence upon the trial in chief, and also having reserved certain exceptions to the ruling of the court on the law and the evidence upon the hearing of his motion for a new trial, and having also reserved certain exceptions to the judgment of the court upon his motion for a new trial, now gives notice in writing of an appeal from the judgment of the court made and entered upon his trial in chief on the 3d day of April, 1925, and from the judgment of the court upon his motion for a new trial made and entered in this cause on this 18th day of May, 1925, and his appeal bond is assessed in the sum of $7,500 and upon the execution of such bond in such sum conditioned and approved according to law, this judgment and sentence heretofore pronounced against him on the 3d day of April, 1925, are suspended pending his appeal.

"Done in open court this the 18th day of May, 1925.             J. S. Williams, Judge."

The state bases its application for a rehearing upon the sole ground that the bill of exceptions does not show the reservation of an exception to the judgment of the trial court upon the motion for a new trial. It will be noted that the above judgment relates only to the motion for a new trial, and has nothing whatever to do with the judgment rendered upon the main trial of this case. It will also be noted that said judgment recites as a substantive part thereof the action of the court in overruling the motion for a new trial, and that the defendant duly and legally excepted. The substantive fact that an exception in this connection was duly and legally reserved is thus apparent, and this meets with the requirements of the statute. Section 6088 of the Code 1923 provides, among other things, that, when a motion for a new trial is refused to a defendant in a criminal case, the defendant may except to the decision of the court, and shall reduce to writing the substance of the evidence in the case, and also the decision of the court on the motion and the evidence taken in support of the motion, and the decision of the court shall be included in the bill of exceptions which shall be a part of the record in the cause, and the appellant may assign for error that the court below improperly refused to grant a new trial, and the appellate court may grant new trials or correct any error of the circuit court and courts of like jurisdiction in refusing the same. It is only upon the condition that the defendant excepts to the decision of the court on the motion for a new trial that he is authorized to present a bill of exceptions setting up the motion for new trial, the decision of the court on the same, and the evidence taken in support of the motion. In the instant case the defendant did except to the decision of the lower court. Of the fact, therefore, that an exception was reserved to the court's decision upon the motion for a new trial, there can be no source of information so reliable and authentic as the judgment itself. A judgment of a court of competent jurisdiction is conclusive against all the world as to all matters properly adjudged and to all necessary consequences

thereof. In McCann v. Ellis, 172 Ala. 70, 55 So. 305, our Supreme Court said (citing Freeman on Judgments):

"A judgment in rem has \* \* \* been said to be 'an adjudication upon the status of some particular subject-matter, by a tribunal having competent authority for that purpose,' or, in other words, 'a solemn declaration, proceeding from an accredited quarter, concerning the status of the thing adjudicated upon, \* \* \* and, ipso facto, renders it such as it is thereby declared to be.'"

And in Bell v. Otts, 101 Ala. 186, 13 So. 43, 46 Am. St. Rep. 117, the Supreme Court, in defining a judgment, said:

"It is 'the final consideration and determination of a court of competent jurisdiction, upon the matters submitted to it.'"

The defendant having excepted to the judgment of the lower court on the motion for a new trial, as recited in said judgment and as established thereby, what further thing did he have to do in order to assign for error that the court below improperly refused to grant him a new trial? He had to reduce to writing the substance of the evidence in the case, the decision of the court on the motion, and the evidence taken in support of the motion, and include them in a bill of exceptions. The defendant included in his bill of exceptions the substance of the evidence in the case, the motion for a new trial, and the evidence offered in support of the motion, but by a patent clerical misprision only a part of the judgment entry on the motion for a new trial was included in said bill of exceptions. But in the recent case of Ex parte Grace, 213 Ala. 550, 105 So. 707, our Supreme Court expressly decided that it was not necessary for the motion for a new trial and the judgment thereon to be set out in the bill of exceptions, if said motion and judgment was found in the record proper. It was further decided in that case that the bill of exceptions must contain a sufficient recital to show the making of such motion, the ruling thereon, and an exception thereto. We therefore hold that the bill of exceptions in this case does contain sufficient recitals, in view of the entire record, to show the making of the motion for a new trial, the ruling thereon, the evidence offered in support thereof, and the exceptions of the defendant thereto.

We are not unmindful of the rule that a recital in the minute entry of a judgment is not proper evidence on appeal that an exception was taken to the ruling of the court as signed for error. But that rule has no application here. The provisions of the statute that entitle the appellant to assign as error the ruling of the court below on his motion for new trial was the incorporation in his bill of exceptions of the motion for a new trial, the evidence offered in support thereof, and the decision of the court thereon, although that decision or judgment in its entirety was not included in said bill of exceptions. The mere fact that by patent clerical misprision the judgment entry on the motion for a new trial is set out in its entirety on page 25 of the record instead of at page 60 thereof cannot deny to defendant his constitutional right to a trial by a fair and impartial jury, preserved to him by section 6, art. 1, of the Constitution of Alabama 1901. The facts presented in this case differentiates it from the several cases of the Supreme Court and of this court, to which our attention has been directed. The rule pronounced in those cases was applicable to those cases. It does not apply here.

But there are other reasons why the application for a rehearing in this case should be overruled. Section 6, art. 1, of the Constitution of Alabama 1901, supra, provides that every person indicted for crime is entitled to a trial by a fair and impartial jury. It affirmatively appears from this record that the accused brought to the attention of the lower court the fact that he had not received a trial by a fair and impartial jury, and in his effort to prove this fact he offered to prove before the court, upon the hearing of his motion for a new trial, bias against him on the part of one of the jurors composing the jury before whom said case was tried. Bias on the part of this juror was an extraneous fact. To prove this extraneous fact the defendant offered two members of the jury before whom said case was tried. The court declined to permit said jurors to testify as to the bias and prejudice of one of the jurors, J. Ed Dudley, against the defendant. And to this action of the court the bill of exceptions shows the defendant excepted. The question presented is of the gravest and most serious nature. In the case of Ex parte Alabama Fuel & Iron Co., 212 Ala. 1, 101 So. 642, the Supreme Court said:

. "The effect of the decisions is to preserve the time-honored institution of the common law— the jury system. The right of both parties to a jury, free from bias, prejudice, or interest, should not be lost and that right should not be subject to chance or perils such as have been pointed out and condemned by this court."

In the case of L. & N. R. R. Co. v. Turney, 183 Ala. 398, 62 So. 885, our Supreme Court, after declaring that the verdict of the jury could not be permitted to stand, on account of the improper conduct of two of the jurors, said:

"To hold otherwise would, we think, be an affront to common decency and decorum, and would furnish a demoralizing precedent for the degradation of verdicts and the pollution of the judgments of courts. It would, indeed, imperil the purity of judicial administration, and destroy public confidence in the justice and impartiality—for it is safe to say that no victim

of a hostile verdict under such conditions as these could ever be made to feel that he had had a fair trial by an unbiased jury."

As said, per Dowdell, C. J., in Craig v. Pierson Lbr. Co., 169 Ala. 548, 552, 53 So. 803, 805:

"Aside from protecting the rights of parties, in the fair and impartial administration of justice, respect for the courts calls for their condemnation of any improper conduct, however slight, on the part of a juror, of a party, or of any other person, calculated to influence the jury in returning a verdict."

■ It is undoubtedly true that public policy forbids a juror from impeaching the verdict of a jury of which he was a member. A juror, however, is competent to testify to extraneous facts which may have influenced the verdict of the jury. Public policy, the Constitution, the law, the spirit of liberty, all demand that a person accused of crime be given a fair and impartial trial. He is a human being, and the Constitution preserves this right to him. The evidence that the defendant offered the court was competent, and should have been admitted. It related to an extraneous fact, viz. the bias and prejudice of one of the jurors against the accused. The trial court committed reversible error in refusing to permit the defendant to introduce the testimony offered. L. & N. R. R. Co. v. Bishop, 17 Ala. App. 320, 85 So. 859; Taylor v. State, 18 Ala. App. 466, 93 So. 78; Seay v. State, 207 Ala. 453, 93 So. 403; Clay v. City Council of Montgomery, 102 Ala. 297, 302, 14 So. 646; Alabama F. & I. Co. v. Rice, 187 Ala. 458, 463, 65 So. 402.

The right of the accused to a fair and impartial trial, or to a fair trial before an impartial jury, is a constitutional right. Regardless of all other considerations, it affirmatively appears from the record before us in its entirety that the accused did not have a trial by an impartial jury. We cannot, if we were so disposed, ignore the solemn duty placed upon this court by our organic law. The Constitution is the supreme law of this jurisdiction, and we are enjoined to enforce and to uphold its provisions. No higher obligation could be placed upon us. Fidelity to our oaths demands that we give effect to the constitutional guaranty that every person accused of crime has a right to a trial before an impartial jury. We are convinced that the accused has been denied his constitutional right. To countenance the judgment of conviction in this case is to ignore and disregard the constitutional provision above noted. This we cannot do.

In the case of Johnson v. Craft et al., 205 Ala. 386, 87 So. 375, it was said:

"The Constitution's control is absolute wherever and to whatever its provisions apply; and every officer, executive, legislative, and judicial, is bound by oath (section 279) to support the Constitution, to vindicate and uphold its mandates, and to observe and enforce its inhibitions without regard to extrinsic circumstances. It commits to nobody, officer, or agent any authority or power whatever to change or modify or suspend the effect or operation of its mandates or its prohibitions; the instrument itself prescribes the exclusive modes by which it may be altered or amended, or its effect and operation changed."

Again, in the same case, upon the application for rehearing, our Supreme Court further said:

"The Constitution contains no idle assertions, * * * no recognition of the right of even all the people—except through revolution and attendant anarchy—or of the Legislature, or of the courts to refuse obedience to its supreme authority, or by evasion or subterfuge to defeat the Constitution as the highest expression of the people's will."

The basis of the state's application is purely technical if it was otherwise well founded, but our Supreme Court has said:

"There is no such thing as a 'technicality' when the enforcement of mandates of the Constitution is the judicial action required by the Constitution." Johnson v. Craft, 205 Ala. 399, 87 So. 385.

We have given a very careful consideration to this application for a rehearing. We have read and considered the cases to which our attention has been directed by the state, and, after due analysis thereof, and of the facts to which the pronouncements of those cases were applied, we are of the opinion that the views hereinabove expressed are not at variance with the principles declared in those cases. We are convinced from the record before us, in its entirety, that the defendant reserved an exception to the judgment of the lower court upon his motion for a new trial. We are also convinced that the defendant did not have a trial before an impartial jury in the court below, and that he should accordingly be granted a new trial.

The application for rehearing is accordingly overruled.

### On Remand from Supreme Court.

PER CURIAM. A judgment of conviction was pronounced against the appellant on the 3d day of April, 1925, by the circuit court of Russell county, Ala., whereby the appellant was adjudged guilty of manslaughter in the first degree, and was duly sentenced.

A motion for a new trial was filed in the circuit court, which was overruled, and from the judgment of the trial court adjudging the appellant guilty and in overruling appellant's motion for a new trial this appeal was taken.

This case was originally argued and submitted in this court on the 5th day of November, 1925. On the 19th day of January,

1926, this court pronounced its judgment reversing and remanding said cause for a new trial. On the 29th day of January, 1926, the state filed its application for rehearing, and on 29th day of June, 1926, the opinion of this court was extended and the application for rehearing overruled. Thereupon application was made to the Supreme Court for certiorari, and on the 2d day of December, 1926, the Supreme Court granted the writ of certiorari, 113 So. 602,[1] whereby the judgment of reversal was set aside and the cause was remanded to this court, for the reason that the Supreme Court ascertained that the reservation of an exception to the ruling of the court denying the motion for a new trial did not appear in the bill of exceptions, but only appeared elsewhere in the record, and that therefore the action on said motion was not reviewable.

■ In the original opinion pronounced in this case by this court we held that there was no error upon the main trial of the appellant. We held further that, upon the hearing of the motion for a new trial, the trial court committed reversible error in refusing to permit the appellant to introduce certain testimony offered by him upon a motion for a new trial. The testimony in question was duly and legally offered for the consideration of the trial court. The trial court declined to admit said testimony for the consideration of the trial court. The testimony offered was legal and relevant. The trial court did not hear said testimony, and the bill of exceptions plainly shows an exception to the several rulings of the trial court refusing to permit the introduction of said testimony. We are not prepared to say what effect said evidence, if admitted as it should have been, would have had upon the trial court, nor what the judgment of the trial court would have been if said testimony had been heard and considered. The testimony offered tended to show bias upon the part of one or more jurors engaged in the trial of this case, and that at least one of the jurors was a witness for the state, or had personal knowledge respecting certain facts in controversy, which facts were declared of his own knowledge to the jury, while the jury was considering the case, and that such juror was not sworn and examined as a witness upon the trial. To assume that, if the trial court had heard and considered the testimony offered by the appellant and objected to by the state, the judgment of the trial court upon the motion for a new trial would have been the same as it was without this testimony, is to assume a highly speculative conjecture. No one with certainty can say what conviction may be produced in the mind of a judge by legal testimony. Upon this motion for a new trial the appellant offered legal testimony which was objected to by the state, and which the court, upon said objection, refused to hear. The bill of exceptions shows the exceptions of the appellant to the rulings of the court refusing to admit this testimony, and we hold that there was reversible error in this connection, and this does not conflict with the decision of the Supreme Court. These questions are reserved by the bill of exceptions, and the statute imposes upon this court the duty to consider all questions apparent on the record or reserved by bill of exceptions. Code 1923, § 3258.

The record in this case, inclusive of the bill of exceptions, we find establishes a fact, and that fact is that appellant did not have a fair and impartial trial before an unbiased and unprejudiced jury as was guaranteed to him under the Constitution of this state. It follows that this case must be reversed for a new trial.

Reversed and remanded.

PER CURIAM. ■ The foregoing subsequent opinion expresses the views of BRICKEN, P. J., relative to this case. But this court, being unable to reach an unanimous conclusion or decision upon the point involved, certified the controlling question to the Supreme Court as an abstract proposition, under the statute thus providing. The certification of the question and the response of the Supreme Court in answer thereto is as follows:

"To the Supreme Court of Alabama: Under the provisions of section 7311, Code 1923, an opinion from the Supreme Court of Alabama is requested wherein the following question is involved, and upon which the judges of this court are unable to reach an unanimous conclusion or decision in a case before this court wherein said question of law is presented:

"Question: Are exceptions to the rulings of the court upon the admission of evidence duly reserved during the hearing of a motion for a new trial, and properly appearing in the bill of exceptions, to be considered and determined in a case of this character where the bill of exceptions fails to show that an exception was reserved to the action of the court in denying the motion for a new trial. In other words, and in order to be more explicit, the bill of exceptions in the case in question shows that, pending the hearing of an extended motion for a new trial, the appellant reserved numerous exceptions to the refusal of the court to admit certain evidence offered by appellant in support of his motion for a new trial. And appellant insists that grievous error appears in said rulings. Shall this court consider and determine these exceptions where it fails to appear in the bill of exceptions that an exception was reserved to the final action of the court upon the motion wherein said motion for a new trial was overruled. Respectfully submitted. [Signed] C. R. Bricken, Presiding Judge, Court of Appeals."

"Response to Certified Question by the Court of Appeals.

"Per Curiam. The court is of opinion that exceptions reserved on the admissibility of evi-

[1] 216 Ala. 160.

dence presented for the first time on motion for a new trial avail nothing unless an exception be reserved also to the action of the court in granting or refusing the motion. Code, § 6088.

"Let this answer be certified to the Court of Appeals.

"Sayre, Gardner, Bouldin, and Brown, JJ., concur."

As a result of the response of the Supreme Court, supra, the judgment of conviction in the lower court from which this appeal was taken must perforce be affirmed.

Affirmed.