(122 So. 603)

LOWERY v. STATE. (6 Div. 564.)

Court of Appeals of Alabama. May 21, 1929.

S. T. Wright, of Fayette, for appellant.

192

Charlie .C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

SAMFORD, J. The corpus delicti was proven in this case by the sheriff and his deputy. The place was in a wood, at night. The deputy, who was with the sheriff at the time of the raid and saw everything seen by the sheriff, contradicted the testimony of the sheriff as to how much light there was from the fire under the still, and refused to identify the defendant as being one of the two parties present at the still. There were two other men in the sheriff's party, neither of whom testified on the trial. The sheriff admits that he only saw the parties at the still for "half a minute," and he also testified that he knew, if defendant was convicted, he would get the $50 reward provided by statute, and, if defendant. was not convicted he would not be paid the reward. The defendant's evidence, if believed by the jury, proved a perfect alibi, by unimpeached witnesses. It was further developed in the testimony that although the sheriff knew the defendant, where he lived, was familiar with the neighborhood, and defendant had been going about his usual business, no arrest was made until some four months after the still had been raided.

After the jury had retired to the jury room to consider the case, and had been out for some 1½ to 2 hours, one of the jurors went to the door of the jury room and made it known to the sheriff that the jury had not arrived at a conclusion, and wanted to know what would be done in the case, and if they could report a mistrial. The sheriff, who had charge of the jury, without reporting to the judge, said, "You will have to stay here awhile," or "You will have to stay here." This was about 5 o'clock in the afternoon, and at that time the jury was divided between conviction and acquittal. The conversation between the juror and the sheriff, in the hearing of the jury, according to the juror, was: "Mr. Berry [sheriff] was called or came to the jury room, in response to a call by me, or some of the jurors, and was told that it did not look as if we were going to reach an agreement, and that he said, 'Well, you will have to stay there then; you will have to stay there.'"

The sheriff is the chief executive officer of the county, and as such is usually a man of great influence and power; especially is this so when, figuratively speaking, he carries the mace and emblem of his authority during the sittings of the courts of his county. The possible misuse of this power and authority has been recognized by the Constitution makers of this state since the Constitution of 1875, wherein the ,sheriff was limited to a four-year term of office and not to succeed himself. This provision is brought forward into and is a part of our present Constitution, and the subject of fees to be paid him in criminal cases is of frequent public and legislative discussion. *Now,* under our prohibition statutes, has been added to this office a personal interest fee of $50 for each conviction in certain prohibition cases. This, together with other fees, gives to the sheriff a personal and financial interest in every criminal case tried in the courts, where he is the executive officer and especially charged with the duty of the custody of juries, while they are engaged in deliberations on causes submitted to them.

It is of the greatest moment that the sheriff, in this delicate situation, should act with the utmost circumspection. A word from him carries with it more weight than from any officer connected with the court, save the judge' himself. He is the only medium through which the jury can make known to the court any desire they may have regarding the case there on trial, and, upon being informed that the jury thought they could not agree, it was his duty to have so informed the court. It was not his duty, and he should not have undertaken, independently of an order of the court, to instruct the jury: "You will have to stay there." This was an unwarranted interference by the sheriff in the trial, with a tendency to coerce a verdict from a jury, in a case where he not only exceeded his authority, but was financially interested to the extent of his fees and the $50 reward.

█ It is a highly important rule that the deliberations of a jury are not to be interfered with while they are considering the law and the facts, which must alone control their verdict. The test under this rule is, not that the improper conduct complained of did actually influence. the jury in arriving at a verdict, but might it have done so? Holladay v. State, 20 Ala. App. 76, 101 So. 86; Gidley v. State, 19 Ala. App. 113, 95 So. 330; Meadows v. State, 182 Ala. 51, 62 So. 737, Ann. Cas. 1915D, 663.

█ In Leith v. State, 206 Ala. 439–443, 90 So. 687, Mr. Justice Thomas has strongly ex-

pressed the law on this subject and cited many cases recognizing the principle here involved. Driver v. Pate, 16 Ala. App. 418, 78 So. 412; Lakey v. State, 18 Ala. App. 442, 93 So. 51; Taylor v. State, 18 Ala. App. 466, 93 So. 78. The defendant, under the Constitution, is entitled to a fair trial and a consideration of his case by a jury free from outside influence.

Let the judgment be reversed, and the cause be remanded.

Reversed and remanded.