140 So. 626

### CAVIN v. STATE.
### 7 Div. 819.

Court of Appeals of Alabama.
March 22, 1932.

Hugh Reed, of Center, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J.

Under the conflicting evidence in this case, the court properly and without error refused the affirmative charge requested by defendant. The evidence was ample to sustain the verdict of the jury and the judgment of conviction pronounced and entered. The motion for a new trial was also properly denied. The first ten grounds of this motion were predicated upon the insufficiency of the evidence. The insistences in this connection cannot be sustained, as there was some evidence tending directly to connect the defendant with the commission of the offenses charged in the indictment. The fact that a kinsman of this appellant testified that the still in question was his and that he, the witness, was operating it, and that this appellant had no interest in or connection therewith, was not conclusive, for the law is, if there is any evidence tending to make out a case against the party asking the affirmative charge, such charge cannot be given, for it would be invasive of the province of the jury who alone are empowered with the right to weigh evidence and accord to it the probative force to which it is entitled. Ode Grimes v. State, 24 Ala. App. 378, 135 So. 652.

The remaining grounds of the motion for a new trial are based upon the alleged misconduct of the jury, and the defendant undertook to impeach the verdict of the jury by members of the panel who tried this case and rendered the verdict. The exceptions reserved to the court's rulings in not allowing this to be done are without merit and cannot be sustained. The law is, based upon public policy, a juror cannot give testimony to impeach the verdict of a jury of which he is a member. Taylor v. State, 18 Ala. App. 466, 93 So. 78.

The exceptions reserved to the court's rulings upon the admission of evidence are without merit. Witness Bruce Cavin, on his direct examination, gave evidence tending to show that the defendant was in no way interested in or connected with the still or its operation, etc.; it was therefore competent on cross-examination to inquire as to contrary statements made by the witness on other occasions, and the predicate was ample to justify the court in its ruling.

No error of a reversible nature appears; the record is regular in all things. The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.