BOOKOUT, Judge.
Appellant was convicted of selling phen-cyclidine, a controlled substance. The evidence, including testimony by the appellant, clearly establishes that the appellant sold the drug in question to a police informant. Appellant was sentenced to a term of three years in the penitentiary.
After a review of the record, we conclude that there is only one issue subject to review. The jury returned a general verdict of guilty and counsel for the appellant asked that the jury be polled. The first four jurors polled replied that the verdict of guilty was their true verdict. The following then occurred:
“MRS. MAY: Mr. Clemmons, is that your true verdict?
“MR. CLEMMONS: Not really.
“THE COURT: Let the jury return to the jury room and further consider this matter. I can’t accept the verdict in view of the statement of the juror, that it is not really his verdict. The verdict as I have told you must be unanimous. So I’m going to ask you to please return to the jury room and take the indictment and the other documents back in the jury room with you and consider the matter further.”
Appellant then moved for a mistrial, which was denied by the court. The jury retired to the jury room at 3:49 P.M. and returned to the courtroom at 4:30 P.M. The court recessed until 9:00 A.M. the next day, stating that the polls were closing at 6:00 P.M. and he was letting the jury off in order that they may go vote. The jury returned the next morning, retired at 9:23 A.M. and returned to the courtroom at 9:30 A.M. with a verdict of guilty. On being polled again, all jurors responded that the guilty verdict was their true verdict.
Appellant argues that the trial court’s instructions for the jury to continue deliberations amounted to undue influence on the jury to reach a verdict when they were unable to agree. In support of that argument, he cites Holladay v. State, 20 Ala.App. 76, 101 So. 86 (1924) and Lowery v. State, 23 Ala.App. 191, 122 So. 603 (1929).
In Holladay, after the jury had deliberated until about 11:30 P.M., all believing that they would have no accommodations for the night, they were told by the sheriff that the judge would keep them together forty-eight hours if they did not reach a verdict. Shortly thereafter, the trial judge instructed the jury that they should agree upon a verdict, whereupon the jury returned about fifteen minutes later with a verdict of guilty. The Court of Appeals held that the sheriff’s remark, coupled with the trial court’s instructions, possibly influenced the verdict and thus reversed and remanded the conviction.
In Lowery, supra, a reversal was mandated again because of an improper remark by the sheriff to the jury. During the deliberations of the jury in that case, a juror went to the door and informed the sheriff that, they had not yet reached a verdict. It was around 5:00 P.M., and the jury was divided between conviction and acquittal. The sheriff, without reporting to the trial judge, told the jury that they would have to stay there. The Court of Appeals stated:
“. . . This was an unwarranted interference by the sheriff in the trial, with a tendency to coerce a verdict from a jury, in a case where he not only exceeded his authority, but was financially interested to the extent of his fees and the $ 50 reward.”
We easily distinguish both Holladay and Lowery, supra, from the instant case. Here, there was no exertion by the trial judge of any influence on the jury whatsoever. He merely informed them he could not accept a verdict which was not unanimous and instructed them to continue their deliberations. Near the end of the work day, he called the jury back into the courtroom, recessed early so they could go to the polls and vote in an election, and reconvened the court the next morning. The record fails to show that any juror was lead to believe by the sheriff or the trial court *183 that they would be confined or put to any inconvenience due to their failure to reach a unanimous verdict.[1]
Title 30, § 101, Code of Alabama 1940, is as follows:
“When a verdict is rendered in either a civil or criminal case, and before it is recorded, the jury may be polled, on the requirement of either party; in which case they must be asked severally if it is their verdict; and if any answer in the negative, the jury must be sent out for further deliberation.”
The trial judge followed Section 101 to the letter, and we fail to find any error committed on his part.
AFFIRMED.
All the Judges concur.

. See also: Jones v. State, 56 Ala.App. 444, 322 So.2d 735, cert. denied Ala., 322 So.2d 741 (1975).