There is no contention by appellant that the evidence was not sufficient to sustain the verdict of the jury finding him guilty of rape in the first degree. The evidence convinces us that there is no reasonable basis for such a contention. The alleged victim testified positively that between about 3:00 A.M. and 4:00 A.M. on February 21, 1981, after she and appellant and others had been together at some parties, appellant drove her in an automobile to an isolated area and caused her to submit to sexual intercourse with him by wrapping a belt around her neck, choking her and threatening to kill her. § 13A-6-61 provides:
 "(a) A male commits the crime of rape in the first degree if;
 "(1) He engages in sexual intercourse with a female by forcible compulsion."
Appellant denied that he had ever had sexual intercourse with the alleged victim. A jury issue as to his guilt was presented, and the trial court was not in error in overruling defendant's motion for a new trial on grounds relative to the sufficiency or weight of the evidence.
During the closing argument of counsel for the State, the following occurred:
"MR. McPHEARSON: [District Attorney]:
 "Mr. Gilmore says this young lady in here, Linda Rogers, after this event happened and she reported it to the law, why didn't she go down that road and carry the law down there where this thing took place at? Well, ladies and gentlemen, the answer to that is very simple. I want to show you why — this picture right here. Ya'll look at this picture. It's a hospital bed, ladies and gentlemen, she wasn't able to go down that dirt road that night, ladies and gentlemen. She was in the hospital, and in the hospital for a couple of days.
"MR. GILMORE [Defendant's counsel]:
 "Now, Your Honor, we object. There is no evidence that she was in the hospital for a couple of days.
 "THE COURT: I sustain that. There is no evidence of that and I will exclude that from you, ladies and gentlemen.
 "MR. McPHEARSON: Ladies and gentlemen, how can she go down the dirt road when she is in the hospital?
 "MR. GILMORE: Your Honor, we object and you've done told —
 "THE COURT: — Mr. McPhearson, I don't recall any evidence of her being in the hospital and I exclude that from the ladies and gentlemen of the jury."
Appellant argues in his brief that the quoted statement of the District Attorney "was so damaging as to have unduly influenced the jury in its verdict, and that even though the jury was told not to consider it, "it would be impossible for it to be completely purged from the minds of the jurors." We do not agree that the argument was of such a highly prejudicial nature that it justified any stronger action in favor of the defendant than that taken by the court. Furthermore, it is to be noted that there was some evidence that some time after the alleged rape, the alleged victim went to the hospital where she was examined and found to have had some trauma to her neck and that there had been recent sexual intercourse with her.
In one ground of his motion for a new trial, defendant alleges, "There is evidence of alleged misconduct by the jury which would cause prejudice against the defendant." On the hearing of the motion for a new trial, defendant attempted to show by the testimony of one of the female jurors that another female juror had made a statement during the deliberations of the jury to the effect that "She had once been a rape victim." Upon questioning the witness, the following occurred:
"Q. Would you tell the Court what words she did use?
 "MR. McPHEARSON: Judge, at this point we are going to object to any testimony concerning this unless the proper predicate has been shown here as regards this testimony. There has been no testimony *Page 574 
brought out here today that on voir dire or any matter like that that there were questions asked at that time concerning whether any person had been a rape victim.
 "Until that is proven I don't think that would be relevant to inquire into discussions that were held back in the jury room.
 "MR. KIMBROUGH: Your Honor, we've got a couple of cases on Taylor v. State, (18 Ala. App. 466) 93 So. 78, Martin v. State, (22 Ala. App. 154) 113 So. 602, says that a juror may not testify as to their deliberations to impeach the verdict of the jury but that extrinsic facts may be testified to.
 "It's our contention that if in fact one member of the jury had been a victim of a similar crime, that would constitute an extrinsic fact or evidence that should have been outside the deliberations of the jury.
"THE COURT:
 "Is there anything in this record that shows that the jury was asked that question on voir dire?
"MR. KIMBROUGH:
 "I have not been provided with a copy of the record, Your Honor, and I was not representing the defendant at the trial. I do not know.
"THE COURT:
"I sustain the objection.
"MR. KIMBROUGH:
"No further questions."
In urging that the court committed error in not allowing defendant to show by the witness, a female juror in the case, that another female juror had said in effect that "she had once been a rape victim," appellant continues to rely upon Taylor v.State, 18 Ala. App. 466, 93 So. 78 (1922) and Martin v. State,22 Ala. App. 154, 113 So. 602 (1926), arguing that they stand for the proposition that, even though the verdict of a jury cannot be impeached by an affidavit or testimony of a juror as to what was said among the jurors during their deliberations, the evidence sought to be introduced constituted "extrinsic evidence" and should have been admitted as a recognized exception to the rule that forbids the impeachment of a verdict by the testimony or affidavit of a juror as to what transpired among the jurors during their deliberations. Taylor v. State,supra, involves such "extrinsic evidence" or evidence as to extraneous facts, in that it pertained to information that had been improperly communicated to some of the jurors by the sheriff, as distinguished from information that passed from one or more jurors to other jurors while all of the jurors, and no one else, were deliberating in the jury room. Martin v. State,supra, is not as readily distinguishable. We now consider it.
In Martin v. State, supra, the then Alabama Court of Appeals reversed the trial court for its refusal to allow the defendant on its motion for a new trial to show that one of the jurors revealed during the deliberations of the jury that he had knowledge of facts that were in conflict with the testimony of the defendant. There was a reversal by the Supreme Court of Alabama, 216 Ala. 160, 113 So. 602, not on the merits of what the Court of Appeals had held but on the ground that appellant had failed to show an exception to the ruling, as was then required. The Court of Appeals based its conclusion largely on the provisions of Code 1923, § 5634, identical with Code 1975, § 12-16-7, as follows:
 "If a juror has personal knowledge respecting any fact in controversy, he must declare it in open court during the trial; and, if during the retirement of the jury a juror declares a fact as of his own knowledge which could be evidence in the case, the jury must forthwith return into court and such juror must, in either case, be sworn and examined as a witness in the presence of the parties."
In Lackey v. Lackey, 262 Ala. 45, 55-56, 76 So.2d 761 (1954), in reaffirming the principle that the verdict of the jury could not be impeached by testimony or affidavits of jurors as to what transpired among them while deliberating, the Court gave special attention to Code of 1940, Tit. 30, § 7, the successor to Code 1923, § 5634 and the *Page 575 
predecessor of Code 1975, § 12-16-7 by stating:
 "In this connection we are cited to the provisions of § 7, Title 30, Code of 1940. There is nothing in this statute, however, which forms an exception to or is inconsistent with the general rule to which we have referred. Under the provisions of this statute while the jury is in its deliberations, if a juror declares a fact as of his own knowledge which could be evidence in the case, the jury is admonished and directed forthwith to come back into court so that the juror may be sworn and examined as a witness. But this does not mean that after a jury has concluded its deliberations and returned its verdict that the verdict may be impeached by a showing of statements made by a juror during the deliberations."
We are unable to reconcile what was held by the Alabama Court of Appeals in Martin v. State, supra, with what was held by the Alabama Supreme Court in Lackey v. Lackey, supra. We are bound by the latter. In addition, we observe that what was sought to be shown by the evidence on the motion for a new trial in the instant case was not that one of the jurors had personal knowledge of material facts and should have been a witness in the case.
We believe that appellant is mistaken in his notion that a prospective female juror is necessarily disqualified to serve as a juror, or is necessarily subject to challenge for cause by the defendant, in a rape case. It could well be, as the trial judge obviously thought, that by questioning such a prospective juror prior to the selection of the jury it could be shown that she was disqualified, and that defendant could have had the right to have had her so questioned in order to determine whether she was qualified and as information for the defendant to consider in determining what prospective jurors he would strike. We realize that perhaps in most instances, if the questioning did not show that she was disqualified in the case, the defendant would have elected to strike her. This is not certain, however, for by the questioning it may have developed that defendant would have been convinced that he should not strike her.
The trial court was not in error in determining that as defendant had never exercised his right to a voir dire interrogation of the prospective jurors to disclose whether any of them had ever been raped, defendant was not entitled to a new trial on the ground that one of the jurors trying the case had previously been the victim of rape.
In an amendment to the motion for a new trial, defendant alleged that there was newly discovered material evidence, which was set forth in an affidavit of Glenda Portice, in pertinent part as follows:
 "Affiant shows that after all the evidence had been received in the trial of the above case and after the jury had returned to the courtroom and announced that it found the defendant guilty as charged, she was told by Sam Henley that he was responsible for the crime for which the defendant was found guilty. This statement is not an exact quote but is representative of the statement made by Sam Henley to the best of my knowledge and recollection."
The affiant testified on the hearing of the motion for a new trial. She said that the exact words of Sam Henley were, "I'm the one who beat Linda Rogers whorish a —." Appellant says in his brief that such testimony constituted evidence "that another individual had made the statement that he committed the crime of which the appellant stands convicted." We are not sufficiently cognizant of all implications of the words alleged to have been stated by Sam Henley, in which we have truncated the last two letters as it is obvious to all what they were, to agree with appellant in his contention that there was newly discovered evidence that another person had stated "that he committed the crime for which the appellant stands convicted," but even if so, it would not have been a valid ground for a new trial. The particular evidence would not have been admissible on the trial of the case and would not be admissible on any retrial thereof, for the reason that it constitutes hearsay. *Page 576 
 "The proposed testimony of the witness Warren Lancaster, to the effect, or which would have tended to show, that one Lee Lancaster had admitted or confessed to the witness that he, Lee Lancaster, killed Will Welch, for whose murder defendant was being tried, was the merest hearsay, wholly irrelevant and incompetent and the court properly excluded it from the jury. — 3 Brick. Dig. p. 287,§ 592; State v. Duncan, 6 Ired.L. (28 N.C.) 236; State v. Haynes, 71 N.C. 79." Welsh v. State, 96 Ala. 92, 96, 11 So. 450 (1891-92).
It has been correctly reasoned since Welsh v. State, supra, that such evidence would be inadmissible on any retrial and it would not furnish a basis for granting a motion for a new trial. See Prince v. State, Ala.Cr.App., 356 So.2d 750 (1978), which collates intervening authorities on the subject.
There was no error in overruling defendant's motion for a new trial.
We have vainly searched the record for error prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.