(86 South. 179)

WEAVER v. STATE.   (7 Div. 674.)

(Court of Appeals of Alabama.   June 15, 1920.)

1. INTOXICATING LIQUORS ⬳233(2)—TESTIMONY AS TO FINDING OF LIQUOR PROPERLY ADMITTED.

In a prosecution for manufacturing prohibited liquors, where witness for state testified he found a still 250 or 300 yards from defendant's house, but had first found some empty barrels nearer his house, and went on a little further and found four barrels of beer where they had fresh-made whisky, it was clearly competent for the state to ask the witness where the barrels were relative to the house.

2. CRIMINAL LAW ⬳406(5)—REMARK OF DEFENDANT AS TO OWNERSHIP OF LAND ADMISSIBLE.

In a prosecution for manufacturing prohibited liquors, it was clearly competent for the sheriff as witness to testify that the defendant, on the occasion of his finding the still, told him that it was on his (defendant's) land.

3. WITNESSES ⬳363(1)—ALWAYS PERMISSIBLE TO SHOW PECUNIARY INTEREST OF WITNESS.

It is always permissible to show the pecuniary interest of a witness in the result of a trial as affecting his credibility, under Code 1907, § 7895; but where the interest is fixed by law, it is not necessary to make the proof, and therefore, in such cases, refusal to permit proof would not be error.

4. WITNESSES ⬳372(2)—ERROR TO REFUSE TO PERMIT ACCUSED TO ASK WITNESS WHETHER OR NOT WITNESS GOT FEE FOR CONVICTION.

Since, under Acts 1919, p. 11, § 10, the reward does not necessarily go to the sheriff, but may go to another, according to the evidence, it was competent, in a prosecution for manufacturing prohibited liquor, to ask the sheriff, on cross-examination, whether or not he got $50 for the conviction of a defendant in such cases.

5. CRIMINAL LAW ⬳720(10)—REMARK OF SOLICITOR AS TO CONCLUSION FROM EVIDENCE NOT IMPROPER.

In a prosecution for violation of the liquor law, the remark of a solicitor to the jury in his closing argument that, "If we cannot convict men caught as red-handed as this man was, we had better take out," was not subject to objection, not being the statement of a fact, but an argument of the solicitor's conclusions from the testimony.

6. CRIMINAL LAW ⬳855(6)—PRESENCE OF BAILIFF IN JURY ROOM RENDERED VERDICT VOID.

A verdict of guilty will not be allowed to stand, where the bailiff, who was the father of the sheriff, who was the sole witness for the state, remained in the jury room for half an hour or so, no matter how honest the conduct of the bailiff was or how free he was from any intentional wrongdoing.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Jeff Weaver was convicted of manufacturing prohibited liquors, and he appeals. Reversed and remanded.

Hugh Reed, of Center, for appellant.

The defendant was entitled to the affirmative charge in this case. 63 Ala. 234; 99 Ala. 145, 13 South. 566; 115 Ala. 42, 22 South. 551; 160 Ala. 290, 49 South. 362.

---

Counsel discuss exceptions to evidence, but cite no authorities, except to the proposition that the defendant was entitled to know the sheriff's pecuniary interest in a conviction. Section 7895, Code 1907; 43 Ala. 330; 83 Ala. 36, 3 South. 319; 162 Ala. 83, 50 South. 349; 39 South. 580; 97 Ala. 72. The argument made by the solicitor was improper. 181 Ala. 90, 61 South. 801. The court should have set aside the verdict, because the bailiff was in the jury room. 121 Ala. 613, 25 South. 1009; 102 Ala. 297, 14 South. 646; 108 Ala. 390, 18 South. 615, 54 Am. St. Rep. 172; 133 Ala. 508, 32 South. 261; 75 South. 829; 16 C. J. 1085, 1166.

J. Q. Smith, Atty. Gen., for the State.
No brief reached the Reporter.

MERRITT, J. The defendant was indicted and convicted for making, or having in his possession, a still to be used for manufacturing prohibited liquors.

[1] The defendant's objection to the question propounded to the sheriff, who was a witness for the state, "Where were the barrels relative to the house?" was properly overruled. Witness had testified he found "a still 250 or 300 yards from defendant's house," but had "first found some empty barrels nearer his house, and went on a little further, and found four barrels of beer where they had fresh-made whisky," and in the light of this testimony it was clearly competent to locate the barrels relative to defendant's house.

[2] It was clearly competent for the witness to testify that the defendant, on the occasion of his going there and finding the still, told him that it was on his (defendant's) land.

[3, 4] On cross-examination of the sheriff, who was being examined as a witness for the state, defendant's counsel undertook to prove that the sheriff got $50 for the conviction of a defendant in this class of cases. The court refused to permit defendant to show this, to which action defendant duly reserved exception. It is always permissible to show the pecuniary interest of a witness in the result of a trial as affecting his credibility. Code 1907, § 7895. Where the interest is fixed by law, it is not necessary to make the proof, and therefore in such cases the refusal to permit proof would not be error. But under section 10 of the act of the Legislature of 1919, p. 11, the reward does not necessarily go to the sheriff, but may go to another according to the evidence. In this case, therefore, it is not fixed by law that the sheriff shall receive $50 for the conviction, and therefore the court committed error in refusing to permit the defendant to make the proof.

[5] The remark of the solicitor to the jury in his closing argument that, "If we cannot convict men caught as red-handed as I think this man was, we had better take out," was not subject to objection. This was not the statement of a fact, but an argument of the solicitor's conclusion from the testimony. King v. State, post, p. 536, 87 South. 701.

[6] The jury retired to consider their verdict at 1:30 p. m., and at 5 p. m. the same day returned a verdict, finding the defendant guilty as charged in the indictment. Before the jury was discharged, the defendant filed in court a motion to set aside the verdict and grant the defendant a new trial, among other grounds it being assigned that the officer in charge of the jury remained in the jury room while the jury was deliberating on the case. In support of this motion the following uncontradicted facts were shown: That during the time that the jury was considering the verdict, John S. Daniel, who was the father of the sheriff, the sheriff being the only witness for the state, remained in the jury room 30 minutes or an hour; that he did not enter into a discussion of the case with the jury, but was just mixing around with them; that he heard the discussion of the case by the jury; that the jury during its deliberations discussed the fact of the bailiff being in the room, and it was suggested that some one ask him to go out, but out of deference to his age this was not done. He did not say anything about the guilt or innocence of the defendant; he had come out of the jury room before the jury reached its verdict. He was the bailiff having the jury in charge. A member of the jury, on being examined, said:

"I do not think the bailiff endeavored to influence the jury in any way in reaching the verdict. I did not hear him say anything about it."

The jury was polled by the defendant, and each affirmed the verdict as being theirs. The motion to set aside the verdict and grant the defendant a new trial was overruled.

In Johnson v. Witt, 138 Mass. 79, it was said that—

"The law will not inquire what was the effect of such intermeddling [with the jury], if it was of such a nature as to have any tendency to affect the verdict injuriously to the party against whom it is found."

This court, speaking through Bricken, J., in the case of Driver v. Pate, 16 Ala. App. 418, 78 South. 412, said:

"The question is not whether this misconduct on his [sheriff's] part did affect the verdict, for it has been held many times that it need not be shown, necessarily, that the misconduct relied on as a ground for a new trial actually controlled or determined the verdict, if it is made apparent that the verdict might have been affected by it." K. C., M. & B. R. R. Co. v. Philips, 98 Ala. 159, 13 South. 65.

The conduct of the bailiff complained of may have been honest, indeed no doubt was absolutely free from any intentional wrongdoing, but can it be said from the unquestion-

ed facts in this case that the verdict might not have been affected by this conduct? Whenever we lift the veil of secrecy from the deliberations of the jury, then the right of trial by jury is threatened, and the bulwark of American freedom imperiled. The bailiff was the father of the sheriff, who was the sole witness for the state, and on whose testimony the state must, of necessity, have relied for a conviction. The jury recognized the impropriety of such conduct, wanting that freedom of deliberation and secrecy of counsel that they as jurors had always enjoyed, and no doubt had been taught to reverence and respect.

The presence of a single other person in the room is an intrusion upon the privacy and confidence of jurors, and tends to defeat the purpose for which they are sent out. If one may be present, why not several? In their private deliberations the jury are likely to have occasion to comment with freedom upon the conduct and motives of parties and witnesses, and to express views that they could not express publicly without making bitter enemies. So it is our opinion that it is better to grant the defendant a new trial and set aside this verdict, even though the testimony may indicate to us his guilt, rather than that we put the seal of approval upon verdicts which have been arrived at under such circumstances as this one is shown to have been reached. The trial court should have granted a new trial, and for the error in refusing it, the judgment is reversed, and the cause remanded for a new trial, which is hereby granted.

Reversed and remanded.