### Ex parte BANKS. (5 Div. 823.)*

(Supreme Court of Alabama. April 13, 1922. Rehearing Denied May 11, 1922.)

**Criminal law ⬳100(1)—Eighteenth Amendment not an abrogation of rules of pleading of different states.**

A provision of the Const. U. S. Amend. 18, that Congress and the several states shall have concurrent power to enforce this article by appropriate legislation, is not an abrogation of the rules of pleading, evidence, and practice prevailing in the several states, nor an imposition on the federal rules of merely adjective law on the courts of the states, whether in the administration of state or federal prohibition laws.

Certiorari to Court of Appeals.

Petition by Mary Banks for certiorari to the Court of Appeals to review and revise the judgment and decision of said court, rendered in the appeal of Mary Banks v. State, 18 Ala. App. 376, 93 South. 293. Writ denied.

Frank M. De Graffenried, of Seale, for appellant.

Evidence secured by a sheriff and deputy sheriff through an unlawful search of one's dwelling house and appurtenant premises is incompetent and illegal as against the owner or occupant of such dwelling, upon a prosecution growing out of evidence so secured. Const. Ala. §§ 5 and 6; Const. U. S. Amends. 4, 5, 14, 18; 182 Ala. 475, 62 South. 77, Ann. Cas. 1915D, 436; 34 Ala. 216; 34 Ala. 311; 181 Ala. 646, 62 South. 31; 205 Ala. 386, 87 South. 375; 219 U. S. 219, 31 Sup. Ct. 145, 55 L. Ed. 191; 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746; 168 U. S. 532, 18 Sup. Ct. 183, 42 L. Ed. 568; 175 U. S. 175, 20 Sup. Ct. 77, 44 L. Ed. 119; 194 U. S. 263, 24 Sup. Ct. 650, 48 L. Ed. 965; 199 U. S. 425, 26 Sup. Ct. 87, 50 L. Ed. 256; 253 U. S. 387, 40 Sup. Ct. 486, 588, 64 L. Ed. 946.

Harwell G. Davis, Atty. Gen., for appellee.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. The petition is for a writ of certiorari to review the judgment of the Court of Appeals in the case of Mary Banks v. State, 93 South. 293,[1] including also the advisory opinion of this court on an inquiry propounded by the Court of Appeals,

---

as authorized by the statute. Gen. Acts 1911, p. 449, § 1.

The argument of counsel for the petitioner is ably conceived, and is presented with force and zeal. In its final analysis it rests upon two propositions: (1) That the case of Shields v. State, 104 Ala. 35, 16 South. 85, 53 Am. St. Rep. 17, is wrong, and should be overruled; and (2) that, with respect to the manufacture of intoxicating liquors, the Eighteenth Amendment carries with it the application of the rights and immunities of the Fourth, Fifth, and Fourteenth Amendments to the federal Constitution, in that state courts, under their "concurrent" power to enforce the prohibitions of section 1 of the Eighteenth Amendment, are of necessity controlled by the provisions of the other amendments mentioned, and hence that the rule established by Shields v. State is now in conflict with those provisions of the federal Constitution.

1. A review of the advisory opinion written by Mr. Justice Thomas in this cause convinces us of the soundness and propriety of the conclusion therein reached, viz. the reaffirmance of the doctrine of Shields v. State, and of its harmony with constitutional limitations, whether state or federal.

2. Notwithstanding the plausibility of the argument in favor of the second proposition, we are satisfied that the provision of the Eighteenth Amendment that "the Congress and the several states shall have concurrent power to enforce this article by appropriate legislation," cannot be intended as an abrogation of the distinctive rules of pleading, evidence, and practice prevailing in the several states, nor as an imposition of the federal rules of merely adjective law upon the courts of the states, whether in the administration of state or federal prohibition laws. Certainly, neither the language nor the obvious purpose of the article is suggestive of such a result, and the contention in that behalf cannot be sustained.

It results that the writ must be denied.

Writ denied.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.