## CLEMENTS v. STATE. (7 Div. 899.)

(Court of Appeals of Alabama. April 3, 1923.)

1. **Criminal law ☜395—Evidence obtained by unlawful search admissible.**

Error cannot be predicated on the admission in evidence of liquor seized from the defendant's automobile on the ground that the search warrant did not authorize the search.

2. **Witnesses ☜277(2)—Cross-examination of defendant held proper.**

In a prosecution for the unlawful possession of intoxicating liquor, where the evidence tended to show that at the time of defendant's arrest he was under the influence of intoxicating liquor, and he testified that he had drunk a small quantity of liquor that morning, but had not, up to the time of his arrest, taken anything for more than nine hours, it was not error to permit the state on cross-examination to inquire as to defendant's possession of liquor prior to his arrest.

3. **Witnesses ☜277(1)—Cross-examination of defendant largely discretionary with court.**

Where a defendant takes the stand as a witness in his own behalf, the latitude allowed on his cross-examination is largely within the discretion of the court.

Appeal from Circuit Court, Calhoun County; A. P. Agee, Judge.

W. E. Clements was convicted of having prohibited liquors in his possession, and he appeals. Affirmed.

Merrill & Allen, of Anniston, for appellant.

The court erred in admitting evidence of finding liquor in the possession of defendant prior to his arrest. 14 Ala. App. 111, 72 South. 210.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Evidence of the continuing possession of the liquor was admissible. Gibson v. State, 14 Ala. App. 111, 72 South. 210, is not an authority on the point to which it is cited.

BRICKEN, P. J. The following statement of facts contained in brief of counsel for appellant seems to be properly stated and is borne out by the record, to wit:

"The defendant was tried and convicted on a charge of having liquor in his possession. The testimony of the state tended to show that certain of the state's witnesses stopped the defendant in the road, searched his car, and found in his car a quart of whisky. The testimony of the state was to the effect that the officer making the search had a search warrant, which is set out on page 19 of the transcript. The testimony of the defendant tended to show that, if there was any whisky in the car, the defendant did not put it there, and did not know of its being there; that no search warrant was presented when the car was searched; and that the officers stated that no search warrant was needed."

[1] In argument of counsel it is insisted that the search warrant as set out in the record did not give any authority to the officers to make the search as the testimony shows that the same was made; that the search was therefore illegal, and the whisky found on such illegal search, and testimony relating thereto, should not have been admitted; and that the court erred in overruling defendant's objections thereto. It is also further insisted that the trial court committed reversible error in admitting in evidence the whisky procured by an illegal search, and in admitting testimony relating thereto.

In the case of Mary Banks v. State, 207 Ala. 179, 93 South. 293, the writer expressed views in accord with the contention here made; but, as this court was without author-

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ity to overrule certain decisions of the Supreme Court in conflict, w^o certified the questions involved to the Supreme Court, and in response thereto that court expressed different views, upon authority of which it must now be held that the insistence here made cannot be sustained. See, also, Ex parte Banks, 207 Ala. 503, 93 South. 472. In this latter case Justice Somerville, for the court, said:

"1. A review of the advisory opinion written by Mr. Justice Thomas in this cause convinces us of the soundness and propriety of the conclusion therein reached, viz. the reaffirmance of the doctrine of Shields v. State, and of its harmony with constitutional limitations, whether state or federal.

"2. Notwithstanding the plausibility of the argument in favor of the second proposition, we are satisfied that the provision of the Eighteenth Amendment that 'the Congress and the several states shall have concurrent power to enforce this article by appropriate legislation,' cannot be intended as an abrogation of the distinctive rules of pleading, evidence, and practice prevailing in the several states, nor as an imposition of the federal rules of merely adjective law upon the courts of the states, whether in the administration of state or federal prohibition laws. Certainly neither the language nor the obvious purpose of the article is suggestive of such a result, and the contention in that behalf cannot be sustained."

The next contention is without merit. Counsel for appellant insist as follows:

"The state offered testimony of whisky found on a search made after dark on the day of defendant's arrest, and that the court erred in permitting the state to offer testimony relating to any other offense, and relating to whisky which the defendant may have had during the morning of the day of his arrest. Proof of this former offense, or of having the liquor during the morning, was not necessary to show scienter or intent, establish identity, complete the res gestæ, show motive, nor to make out a chain or circumstantial evidence of guilt in respect to the act charged. In the case of Gibson v. State, the court held that, except in cases where it was necessary to prove the above-mentioned things, 'it is a general rule that it is not permissible to prove or admit, circumstances going to show that the defendant committed another offense.' Gibson v. State, 14 Ala. App. 111, 72 South. 210."

[2, 3] The case of Gibson v. State, supra, bears no analogy to the instant case. Here there was testimony tending to show that at the time of the arrest of defendant he was under the influence of liquor, and the defendant while testifying in his own behalf undertook to explain this fact and testified that he had drunk about a half of a half pint that morning; that he drank out of a jug and that at the time of his arrest he had not taken a drink in about 9½ hours. The ruling of the court complained of was upon the cross-examination of the defendant, and

it is a well settled rule that there is a wide latitude allowed on cross-examination of a witness, resting in the discretion of the court, and unless it clearly appears that this discretion has been abused the court's rulings will not be disturbed. Where a defendant goes upon the stand as a witness in his own behalf, the right of cross-examination as to him is under the same rule. As stated, in this case the defendant admitted that he had some whisky on the morning of the day on which this whisky was found in his car and the solicitor had the right to ask him the questions referred to for the purpose of testing the truth of his statements, and his sincerity as a witness in connection therewith. The offense of having in possession liquor is a continuing one, and whether the defendant had in his possession liquor during that day, how he obtained it, etc., tended to throw light upon the question of guilt vel non.

Other rulings of the court upon the testimony have been examined and are so clearly free from error there appears no necessity to discuss them.

We are of the opinion that the trial proceeded throughout without error. As the record is also free from error, the judgment of conviction appealed from is affirmed.

Affirmed.