(117 So. 616)

### BURNS v. STATE.   (8 Div. 625.)

Court of Appeals of Alabama.   June 12, 1928.

J. A. Lusk, of Guntersville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, J.   Appellant was convicted of the offense of grand larceny. In the indictment under which he was tried, it was charged, in substance, in each of the two counts composing same, that he "feloniously took and car-

ried away $720 in United States currency, the exact denomination of which is to the grand jury unknown, of the value of $720, the personal property of Frank Maroney," etc.

There is no useful purpose to be served in setting out or discussing the evidence. It was overwhelmingly sufficient to support the verdict of guilt.

Appellant's able counsel has materially lessened our labors by conveniently setting out in his excellent brief filed on this appeal those questions which, in his opinion, merit our consideration. We briefly mention them, as we think they deserve.

█ It is futile for counsel to argue to us the unsoundness, or unfairness, of the rule in this state which permits evidence obtained from a defendant in an unlawful or illegal manner to be offered against him at his trial for the offense shown, or tended to be shown, by such evidence. The said rule has been firmly established by the decision of our Supreme Court. Shields v. State, 104 Ala. 35, 16 So. 85, 53 Am. St. Rep. 17; Banks v. State, 18 Ala. App. 376, 93 So. 293, 24 A. L. R. 1359; Ex parte Banks, 207 Ala. 503, 93 So. 472. And it does not lie in our mouths to criticize it. Code 1923, § 7318.

█ It was proper to admit the testimony that defendant, when, in his presence, a party charged with him with the crime claimed to have been committed said he (defendant) took the money, meaning the money which was alleged to be stolen, and which defendant was indicted for stealing, "said nothing." This was such an accusation as called for a denial from defendant, and the fact that none was made was admissible against him. Jackson v. State, 213 Ala. 143, 104 So. 220.

We do not think the evidence supports the argument made that there was a variance between the allegations of the indictment and the proof offered on the trial.

The written charges refused to defendant, where correct, were so fully and obviously covered by the trial court's clear and comprehensive oral charge that distinguished counsel on this appeal does not attempt to argue otherwise.

We find nowhere any prejudicial error, and the judgment is affirmed.

Affirmed.