(123 So. 86)

### BREWER v. STATE. (8 Div. 757.)

Court of Appeals of Alabama. Feb. 26, 1929.

Rehearing Denied March 26, 1929.

H. H. Hamilton, of Russellville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J. From the opinion in the case of Shields v. State, 104 Ala. 35, 39, 40, 16 So. 85, 87 (53 Am. St. Rep. 17), we quote the following: "Evidence is not infrequently obtained by methods which are reprehensible in good morals, offensive to fair dealing, subjecting it to unfavorable inferences, the party relying upon it must neutralize, to entitle it to full credence. And evidence is sometimes obtained under circumstances which meet with the unqualified disapprobation of the Courts. The evidence, however unfairly and illegally obtained, is not subject to exclusion, if it be of facts in themselves relevant. * * * The evidence of detectives feigning to be accomplices, obtaining and practising upon the confidence of the accused, is received; and so is the evidence of spies; the manner of obtaining the evidence is directed to its credibility, not to its admissibility. * * *"

No more vigorous and determined assault was ever made, we dare say, upon any holding ever announced by any court, than was made upon the holding of our own Supreme Court in the Shields Case, as quoted above, by counsel in the case of Banks v. State, 18 Ala. App. 376, 93 So. 293, 24 A. L. R. 1359. So effective was the assault that this court agreed, and wrote, that the rule declared in the Shields Case, supra, ought to be changed. But the Supreme Court reaffirmed said rule, and it now stands as the law of our state. Banks v. State, supra; Ex parte Banks, 207 Ala. 503, 93 So. 472.

■ Of course, when evidence—any evidence—is properly admitted, its weight and credibility are for the jury.

■ What we have written will demonstrate that appellant is fruitlessly here complaining that his conviction was secured solely on the testimony of two "detectives" or "law enforcement officers" who induced him to sell them some whisky merely in order, or partly in order, that they might turn on him and prosecute him for a violation of the prohibition laws.

■ We are not of the opinion that the remarks made by the trial judge in connection with the several written charges given to the

jury at appellant's request call for condemnation at our hands. In fact, the whole tenor of the court's charge to the jury—both oral and as embodied in the "given" written charges, was much too favorable to appellant. For instance, the court told the jury it was a violation of the criminal laws to "buy" prohibited liquors. It is not. And he also told the jury that "if a detective or officer goes out and induces a man to violate the law in order to get to arrest him, you (they) could not convict him" (i. e. the man so induced). Such is not the law, as we have shown above.

There is no error of which appellant can complain, and the judgment is affirmed.

Affirmed.