(134 So. 455)

## LAKEY v. STATE.
### 7 Div. 697.

Court of Appeals of Alabama.
March 17, 1931.

Rehearing Denied May 5, 1931.

Riddle & Riddle, of Talladega, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

SAMFORD, J.

Defendant and another were riding along the public road in Talladega county after dark, when one Shaddix, a deputy sheriff, "attempted to stop the car and finally got into the car." Shaddix thereupon attempted to arrest the defendant without warrant and without a charge of any kind having been made. Defendant resisted the arrest, but was finally overpowered, handcuffed and carried to jail. On the trial it developed that at the

274

time of the arrest there was in the car with defendant a five-gallon jug of whisky nearly full. When Shaddix first knew that the whisky was in the car does not appear from the evidence. It is quite evident that he did not know about the whisky when he jumped on the car or when he attempted the arrest.

■ In order to convict the defendant under the charge here, it must be made to appear, among other things, from the evidence, beyond a reasonable doubt, that the officer Shaddix was proceeding to make a lawful arrest, in a lawful manner. In order for him to do this he must have had a lawful warrant commanding him to arrest defendant, or defendant must have been in the act of committing a public offense in the presence of the officer; or the officer must have had reasonable cause to believe that defendant was guilty of a felony.

As to the written warrant and reasonable belief as to commission of a felony, we may eliminate any consideration in this case for that; there is no claim of either.

■■ The question here is: Does the possession of a jug, in the car with defendant, containing less than five gallons of whisky, justify the arrest without warrant; no charge having been made at the time of arrest? The defendant was being arrested while in the commission of a public offense in the presence of the officer. Therefore the officer was authorized to make the arrest without warrant. Code 1923, § 3263. Being in the actual commission of a public offense, the officer was under no duty to inform defendant of the nature of the charge upon which he was being arrested. Code 1923, § 3264; Wilson v. Orr, 210 Ala. 93, 97 So. 133.

An officer making an arrest without a warrant must act on his own responsibility. If it transpires that the party arrested is at the time of arrest in the possession of prohibited liquors and the officer is complying with the other requirements of the statute, the arrest would be lawful. If, on the other hand, it transpires that defendant did not have in his possession prohibited liquors at the time of arrest, the arrest would be illegal and a trespass. That is the chance the officer takes.

The rulings of the trial court on the admission of evidence and the refusal of certain written charges were in line with the above.

■ The remark of solicitor regarding the defendant, "riding up and down the public road hauling liquor," was justified by the evidence.

We find no error in the record, and the judgment is affirmed.

Affirmed.