(136 So. 424)

## FRYE v. STATE.

### 8 Div. 397.

Court of Appeals of Alabama.
Aug. 4, 1931.

Chas. P. Almon, of Tuscumbia, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, J.

The evidence for the state tended to prove that defendant and another were in possession of a whisky still in Lauderdale county, within three years before the finding of the indictment. The evidence tended to prove that all of the parts of the still were at the still place, except the worm and cap and the connecting pipe. These parts were not at the still place, and the still was not connected up, but there was evidence tending to prove that the defendant and his associate were preparing to distill whisky from two barrels of beer, which were at the place and ready for distillation. There was other evidence tending to prove that the parts of the still found in possession of defendant at the still place were suitable to be used for the purpose of manufacturing whisky, and it is very evident from the testimony that these parts were intended so to be used. Section 4757 of the Code of 1923 was enacted for just such a case as this. The defendant was found in possession of parts of a still, preparing it for the manufacture of whisky; the parts last to be connected and easy of concealment could not be found. Whether such missing parts were near and hidden or at another place and accessible to defendant when needed, they were in his possession, making a complete still, and the section above cited makes this a jury question.

Charge 3, as requested by defendant, was properly refused.

Charge 15 was not predicated on the evidence, and for that reason, if no other, was properly refused. Edwards v. State, 205 Ala. 160, 87 So. 179; Shepards Annotations, page 284 (Note 160). For the above reason charge 16 was properly refused.

The ruling of the court in overruling defendant's objection to the remark of the solicitor in his argument: "Gentlemen of the jury the defendant was breaking the law at

that time"—this was a legitimate conclusion to be drawn from the evidence.

The excerpts from the court's oral charge to which exceptions were reserved are too fragmentary to permit a review.

There is no error in the record, and the judgment is affirmed.

Affirmed.