172 So. 345

## HARRIS v. STATE.

### 4 Div. 176.

Court of Appeals of Alabama.

April 14, 1936.

Rehearing Denied June 30, 1936.

Affirmed on Mandate Feb. 2, 1937.

RICE, Judge.

The court has read, studied, and considered the record, including the bill of exceptions, in this case, sitting en banc.

We have concluded that the judgment of conviction must be reversed, not because of any error appearing to have been committed upon the trial, proper, of the case but because of the misconduct

(perhaps unintentional) of the sheriff and one of his deputies in their relations with the jury trying the case, during said jury's deliberations thereon.

The said sheriff and deputy concerned were each material and important witnesses for the state at the trial. The testimony given by them was in direct conflict with that given by the defendant, appellant.

After the jury had had the case submitted to them, after, in fact, they had deliberated for a long while without reaching an agreement, one of said jurors became ill. The sheriff took said juror, at the juror's request, away from the other members of the jury, some distance, to a drug store, where the juror procured "some medicine"— whether paid for by the juror or the sheriff is not clear. On this trip to the drug store a "Mr. Oaks," not otherwise identified, "drove" (we presume operated an automobile, whose, does not appear, containing them) the sheriff and the juror.

Later, the juror mentioned not having recovered, the sheriff instructed the deputy above referred to to take the said juror away from the other members of the jury, some distance, to a combination "café and dwelling house," where the deputy (and the juror) procured permission from the lady operating the café, who lived in the dwelling house, to allow the juror to rest (sleep) in her bedroom on her bed for some time —perhaps three-fourths of an hour. And said juror did so rest and refresh himself.

Both the above recited "favors" or "accommodations" to the said juror were furnished by the sheriff and his said deputy in the absence of the judge presiding over the trial, and without the prior consent or order of the said judge, or the consent of appellant or his counsel.

Immediately upon learning of the above two occurrences, and before the jury returned a verdict, and after the jury, according to the bill of exceptions, had been deliberating over the case for more than twenty-four hours, appellant filed a motion to "discharge the jury and declare a mistrial." The same was overruled, and exception reserved.

Thereafter, the jury having returned a verdict finding defendant (appellant) guilty as charged in the indictment, he filed his motion to set aside the verdict, upon the principal ground of the alleged misconduct described hereinabove. This motion was overruled, and exception duly reserved.

It is not controverted that the action of the sheriff and his designated deputy in the premises described hereinabove, while thoughtful (in the humane sense) and kind, was improper.

But the argument is advanced here, and was, doubtless, in the court below, that the testimony taken on the hearings, both of the motion to discharge the jury and declare a mistrial, and of the one to set aside the verdict of the jury, shows conclusively that no harm was worked to appellant by the occurrences mentioned.

It is true, the sheriff, the lady operating the café, the juror, and others (we do not find the testimony of "Mr. Oaks," and the deputy, if that matters, which we doubt) gave testimony, undisputed, from which the learned trial judge may well have found that no person talked to the said juror about the case he was engaged in "deliberating upon," upon either of the occasions detailed hereinabove; or did any other thing with the intention of influencing said juror's action.

But the law is more jealous than that. As Mr. Justice Thomas, for our Supreme Court, said, recently, in the case of Arthur Oliver v. State, 166 So. 615, 617 [1]: "It is established that in their deliberation the jury should be separated from and uninfluenced by the outside world. Any misconduct that might influence the jury, affect the verdict rendered or the punishment fixed, is a cause for a new trial. The test of vitiating influence upon a jury authorizing a new trial is not whether it did influence the jury to act without the evidence, but whether it might have unlawfully influenced the jury in the verdict returned. * * * Each case is to be judged by its particular facts." Weaver v. State, 17 Ala. App. 506, 86 So. 179.

And, of course, conduct, or misconduct, affecting one juror is, in its legal effect, the same as if it had affected the entire jury. Bell v. State, 227 Ala. 254, 149 So. 687.

Again, paraphrasing somewhat, but still keeping directly in line with his expressions, and following precisely the holding which he was announcing, we may say, here, after the manner of what Mr. Justice Thomas said in another place in the opinion in the above-cited Oliver Case: The association of these witnesses the sheriff and his deputy, with the juror who was ill, un-

---

der the circumstances we have described, furnished opportunity for ingratiating themselves in the mind of the sick juror, and for unduly emphasizing their testimony· given in that case, causing it to affect and enter into said juror's vote, and hence the verdict returned. Their "isolated presence" with, coupled with their attention to the physical needs and desires of, the said juror no doubt had bearing upon the case (through the said juror's vote), though they and the juror testified they had not spoken to said juror about the evidence in the case or about the defendant. The injury (if any, and, under the law we do not inquire, Driver v. Pate, 16 Ala.App. 418, 78 So. 412) which resulted was no doubt unconsciously brought about, but was none the less real or effective.

We are not here concerned with the guilt or innocence of the defendant appellant. The question before us is solely that of whether or not the deliberation of the jury shall be preserved in its integrity, freed ·from the influence of what Mr. Justice Thomas, in the opinion in the Oliver Case, supra, calls the "outside world."

This being the case of the trial of one charged with the commission of a misdemeanor, rather than of a felony, we are not prepared to say, here, as the Supreme Court said in the Oliver Case, supra, that simply because one, or two, of the state's main witnesses had charge of the jury during their deliberations the verdict should be set aside, though we are by no means so certain that that is not so. It is clear that it is not a commendable practice, conducive to the greatest respect for the law and its processes, to have the jury trying any given criminal case waited upon, attended to, and guided about, physically, during their consideration of same by one, be he sheriff, deputy, or whatnot, who had given important testimony on the trial, on behalf of either the state or the defendant.

For the error in overruling appellant's motion to set aside the verdict of the jury and grant to him a new trial, the judgment is reversed, and the cause remanded.

·Reversed and remanded.

## PER CURIAM.

Affirmed on authority of Harris v. State, 233 Ala. 196, 172 So. 347.