29 So.2d 151

### CLARKE v. STATE.

. 3 Div. 883.

Court of Appeals of Alabama.

Feb. 11, 1947.

L. H. Walden, of Montgomery, for appellant.

Wm. N. McQueen, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

CARR, Judge.

The appellant, Jack Clarke, was jointly indicted with Robert Little on a charge of robbery. At the time of the arraignment, the latter demanded a severance. We have under review an appeal from a judgment of conviction of the former.

As we view our instant task, all questions presented for our consideration can be disposed of in a short opinion.

The sufficiency of the evidence to base a conviction was not tested by a tender of the affirmative charge, nor was a motion for new trial filed. In either event, it would have resulted in a vain undertaking, for, clearly, a jury question was posed, and the evidence justified an undisturbed judgment of guilt, as the jury found.

The record does not contain any given or refused written charges.

During the progress of the trial below comparatively few objections were interposed to the introduction of the testimony. We observe that in some of these instances the objections came after the questions were answered. This, of course, is against the rule which does not permit the objector to speculate on the reply and then, if aggrieved at the answer, interpose objections to the question. Smith v. State, 16 Ala.App. 546, 79 So. 802; Kelley v. State, ante, p. 408, 26 So.2d 633.

We are not convinced that the trial judge, on any occasion where the matter is presented, exceeded his discretionary power in extending wide latitude on cross examination of witnesses. Clements v. State, 19 Ala.App. 177, 95 So. 831; Peterson v. State, ante, p. 439, 27 So.2d 27.

A witness for the State testified that the alleged assaulted party came back to witness' place of business and there in the presence and hearing of the accused and his joint-indictee said: "There goes the men that robbed me, right there." This answer was permitted over the objection of appellant's attorney. It appears that

this incident occurred within a short period of time after the alleged offense.

Pretermitting a decision as to whether or not, against the rule of hearsay, this testimony was admissible, we find justification for its introduction. When the alleged assaulted party was being examined prior to the instance in question, appellant's attorney, Mr. Walden, developed this fact. The record with reference thereto discloses:

"The Solicitor: And they were the men who robbed you—A. I told him that.

"Mr. Walden: You told them there is the two men that robbed you? A. Yes, sir."

Rutledge v. Rowland, 161 Ala. 114, 49 So. 461; McNeil v. Munson S. S. Line, 8 Ala.App. 610, 62 So. 459; Alston v. State, 248 Ala. 163, 26 So.2d 877.

We have considered all questions presented by this record and treated those that are worthy of our comment. The judgment of the court below is ordered affirmed.

Affirmed.