49 So.2d 789

**KNIGHTEN v. STATE.**

8 Div. 898.

Court of Appeals of Alabama.
Dec. 19, 1950.

Noble J. Russell, of Decatur, for appellant.

A. A. Carmichael, Atty. Gen., and Albert E. Amos, Asst. Atty. Gen., for the State.

CARR, Judge.

On a Sunday afternoon in August 1946 the accused struck Heck Bowen in the chest or front side with an axe. As a result of the inflicted injury death ensued the next day.

The appellant was indicted for murder in the second degree. The true bill was filed in court in October 1946. On November 23rd, 1948, a petit jury returned a verdict of guilty as charged and imposed a sentence of ten years imprisonment in the State penitentiary. A motion for a new trial was filed in the time required by law. A hearing on the motion was continued *many* times and finally overruled on October 29th, 1949. The appeal was submitted in this court at the call of November 9th, 1950.

It appears from the evidence that the homicide had its inception or motive in a misunderstanding or argument over a fifty-cent bet in a dice game in which the deceased and the defendant, with others, participated.

The consumption of a churn of home-brew by the parties present at the game apparently played its part in the tragedy.

A near fight ensued between the appellant and deceased at the gambling place. According to some of the evidence Carl Carden was also implicated in this commotion, at least to the extent that he cursed the deceased. After this disturbance had been quelled by some of the parties, the group proceeded in the direction of the home of Bowen a short distance away. According to the State's evidence, when the party had reached within the curtilage of the home, Carl Carden struck the deceased on the head with a stick and forthwith the accused inflicted the axe wound. The assault was without legal justification if the evidence for the prosecution is to be accepted as true.

The defendant admitted that he struck or "pushed" the blow, but claimed that at the time Bowen was about to attack him with a pocket knife. The evidence for the defense supported this claim.

The defendant and his witnesses denied that Carden struck the decedent.

■■ It is evincingly clear that the defendant was not due the general affirmative charge and that error should not be based on the action of the trial judge in overruling the motion for a new trial.

■ Without the aid of a brief from appellant's counsel, we have given careful consideration to the record and the questions presented for our review therein. This the law requires us to do.

The rulings of the court were invoked a number of times during the introduction of the testimony. We do not think it will be helpful to discuss these matters. Many relate to rules of evidence which are familiar and well established by the authorities.

■ Without exception, when appellant's counsel interposed objections, he only posed the general grounds. Norris v. State, 229 Ala. 226, 156 So. 556.

■ On several occasions no exceptions were reserved to the rulings of the court. Bennett v. State, 248 Ala. 664, 29 So.2d 217; Kelley v. State, 32 Ala.App. 408, 26 So.2d 633.

■ A number of answers, when made over the objections, were in no manner harmful to the appellant. Supreme Court Rule 45, Code 1940, Tit. 7 appendix.

So, with these observations, we pass from this character of review.

When the introduction of the evidence had concluded, appellant's counsel made this statement: "I want to ask for the affirmative charge on the basis it is not shown that the crime happened in Morgan County, and that this Court has jurisdiction."

The general affirmative charge appears in the record among the list of refused written instructions. It is not made certain, however, that the tender was made at the time above indicated.

■ All charges must be requested in writing. Title 7, Sec. 273, Code 1940; Osborn v. State, 30 Ala.App. 386, 6 So.2d 461.

■ In any event the venue was sufficiently established by the evidence.

Appellant's counsel objected to this portion of the solicitor's argument to the jury: "He is the co-conspirator in this case." Reference is here made to Carl Carden.

Statements of similar import were reviewed in the following cases, and no error was charged. Malloy v. State, 209 Ala. 219, 96 So. 57; Weaver v. State, 17 Ala. App. 506, 86 So. 179; Dunn v. State, 19 Ala.App. 576, 99 So. 154; McColston v. State, 20 Ala.App. 591, 104 So. 347; Lakey v. State, 24 Ala.App. 273, 134 So. 455; Frye v. State, 24 Ala.App. 449, 136 So. 424; Tucker v. State, 28 Ala.App. 492, 188 So. 276.

■ Attorneys in argument to juries should refrain from expressing their personal views as to the guilt or innocence of an accused. It is true that the accusation in the instant case was not directed at the person on trial, but our criticism is applicable nevertheless.

■ The evidence for the State supported the theory that Carden aided and abetted in the commission of the homicide. In this state of the record and in consonance with the above authorities, we will not base error on the action of the court in overruling the objections to the assertion.

Appellant's counsel "objected" to two portions of the court's oral charge. They were: "If one party or the other fails to summon a witness raises no presumption to either side" and " * * * to that part of the oral charge with reference to conspiracy, wherein the Court charged that one who aided or abetted could be guilty the same as if he had actually done the act."

■ The authorities are committed to the view that an "objection" to the court's oral charge is not equivalent to an "exception." Roberson v. State, 25 Ala.App. 270, 144 So. 371; Garrett v. State, 33 Ala.App. 168, 31 So.2d 151; Buffalow v. State, 34 Ala.App. 418, 41 So.2d 417.

■ However, when the oral charge is considered in its entirety, the excerpts supra do not form a basis for error. Mosley v. State, 241 Ala. 132, 1 So.2d 593; Fuller v. State, 16 Ala.App. 163, 75 So. 879.

The other "objections" relate to matters which it is claimed the court omitted to include in his oral charge.

■ Omissions in the charge cannot be presented for review in this manner. Special written instructions should have been tendered. Davis v. State, 246 Ala. 101, 19 So.2d 358; Lovejoy v. State, 33 Ala.App. 414, 34 So.2d 692.

Refused charges numbered 1, 2, and 3 are general affirmative instructions.

■ Refused charge numbered 9 is not based on the evidence. Edwards v. State, 205 Ala. 160, 87 So. 179; Morgan v. State, ante, p. 269, 45 So.2d 802.

This is not to hold that it is otherwise free from fault.

■ Written instruction lettered "A" is misleading and invasive of the province of the jury, to say the least. In fact, it is difficult to determine the meaning of the charge and the purpose of its request by the defendant.

We have responded to all presented questions which merit our discussion.

It is ordered that the judgment of the court below be affirmed.

Affirmed.