52 So.2d 403

## BRYANT v. STATE.

### 6 Div. 215.

Court of Appeals of Alabama.

May 8, 1951.

Jas. L. Marshall, of Tuscaloosa, for appellant.

Si Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The accused was tried and convicted on an indictment charging burglary in the second degree.

Without dispute in the evidence the storehouse of the Sumter Farm and Stock Company, located at Tuscaloosa, Alabama, was burglarized. The offense was committed in the nighttime, and the entrance was made by breaking the glass in a door.

The prime factual dispute centers around the identity of the appellant.

Zack Jones testified that he was passing the store about 3:30 in the morning as he was going to work. He observed the broken glass entrance, and by the lights in the building saw a man walking on the inside near the cash register. He forthwith reported his observations to the city officers. The witness testified that the person he saw inside the store was the defendant.

The appellant was arrested some hours later at his home in the city of Tuscaloosa. As a witness in his own behalf he denied that he broke in or entered the store. He claimed that he was at his home from about one o'clock A. M., until he was arrested. He supported this contention by testimony of members of his immediate family. This aspect of the evidence was brought into dispute by the testimony of some police officers who testified that they saw the accused on the streets of Tuscaloosa about two o'clock A. M. of the morning in question.

■ It is evincingly clear that in this state of the evidence, the defendant was not due the general affirmative charge. Hargrove v. State, 147 Ala. 97, 41 So. 972; McColston v. State, 20 Ala.App. 591, 104 So. 347.

■ We hold also that the court was not in error in denying the motion for a new trial. Russell v. State, Ala.App., 52 So.2d 230;[1] Freeman v. State, 30 Ala.App. 99, 1 So.2d 917; Fagan v. State, Ala.App., 44 So.2d 634; Booth v. State, 247 Ala. 600, 25 So.2d 427.

A general discussion on the rulings incident to the introduction of the evidence will suffice.

■ Some of the objections came after the witness had answered the question. Jones v. Daniel, 34 Ala.App. 490, 41 So.2d 627; Clarke v. State, 32 Ala.App. 622, 29 So.2d 151.

■ Counsel did not except in every instance when the court ruled against his insistence. Knighten v. State, 35 Ala.App. 524, 49 So.2d 789; Bennett v. State, 248 Ala. 664, 29 So.2d 217.

■ At those times when proper review is invoked there is no basis for reversible error. Much of the testimony to which objections were interposed related to harmless and undisputed facts. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

The record discloses:

"(During the argument of Mr. Ward to the jury the following occurred:)

"Mr. Ward: * * * His daddy said he had on the same pants now he had on then. The other witnesses put him with brown pants, going to town.

"Mr. Marshall: I object to that. I think they said the shirt was all.

"The Court: Overruled.

"Mr. Marshall: We except."

The solicitor did not go outside the evidence in making the above statement.

■ Besides the general affirmative charge, only written instruction number 18 was refused to the defendant. This charge was covered by given charges and the oral instruction of the court. Title 7, Sec. 273, Code 1940; Gettings v. State, 32 Ala.App. 644, 29 So.2d 677.

There is no reversible error appearing in the record.

The judgment below is ordered affirmed. Affirmed.

1. Ante, p. 19.